JOHNSTON COUNTY TUBERCULOSIS ASSOCIATION, INC. v. NORTH CAROLINA TUBERCULOSIS AND RESPIRATORY DISEASE ASSOCIATION, INC., AND DOROTHY H. HINSON

No. 7211SC339

(Filed 2 August 1972)

1. **Rules of Civil Procedure § 56— motion for summary judgment — question presented**

   On motion for summary judgment, the question is not whether there is a genuine issue of fact, but whether there is a genuine issue as to any material fact. G.S. 1A-1, Rule 56(c).

2. **Charities and Foundations § 2— action to restrain charitable solicitations — misrepresentations — mere allegation**

   In an action by a local tuberculosis association to restrain a state tuberculosis association, licensed to solicit funds anywhere in the state, from soliciting funds in the county, plaintiff's mere assertion that defendant was misrepresenting itself to county residents as the local county organization, without support in any other form, did not establish a genuine issue as to any material fact or a legal basis for enjoining defendants.

3. **Charities and Foundations § 2— action to restrain charitable solicitations — insufficiency of allegations**

   Allegations by a county tuberculosis association that a state tuberculosis association had no active supporters in the county, had made no accounting to the people of the county, and had expended no funds raised by it in the county or for the benefit of county residents, and that solicitations by the state association had harmed the county association's efforts to solicit funds in the county, *held* insufficient to establish a basis for restraining the state association from soliciting funds in the county.

APPEAL by defendants from an Order entered by *Canaday, Judge,* on 22 December 1971.

Plaintiff, Johnston County Tuberculosis Association, Inc., instituted this action against the defendants, requesting that the court temporarily and permanently restrain and enjoin the North Carolina Tuberculosis and Respiratory Disease Association, Inc., a non-profit corporation with offices in Raleigh, North Carolina, and Dorothy H. Hinson, the Executive Director of the Tar River Tuberculosis and Respiratory Disease Association, Inc., which is a district component of the aforementioned, from soliciting funds for the purposes of the corporate defendant within Johnston County; or, in the alternative, that defendants be temporarily and permanently restrained and enjoined from making certain alleged misrepresentations.

On 21 October 1971, Judge Copeland ordered the defendants to appear before Judge Canaday on 20 November 1971 and show cause why the injunction as prayed for by the plaintiff should not be granted until the final determination of the action.

The defendants in response denied the material allegations of plaintiff's complaint and filed a motion for summary judgment, alleging that there was no genuine issue as to any material fact and that they were entitled to a judgment as a matter of law.

Upon the order to show cause and upon defendants' motion for summary judgment, Judge Canaday held a hearing, wherein he denied the motion of defendants for summary judgment and entered judgment preliminarily enjoining defendants from soliciting monies, by letters, campaigns or personal contact, directly or indirectly, from residents of Johnston County, pending final determination of the action. From the denial of defendants' motion for summary judgment and the entry of an order enjoining the defendants from soliciting funds for their charitable purposes in Johnston County, the defendants appeal to this Court.

*Wallace Ashley, Jr., for plaintiff-appellee.*

*Womble, Carlyle, Sandridge & Rice, by Roddey M. Ligon, Jr., for defendant-appellants.*

BROCK, Judge.

The first assignment of error brought forward on this appeal by defendant-appellants is that the trial judge erred in not granting their motion for summary judgment. The defend-

ants argue that the pleadings and affidavits submitted showed that there was no genuine issue as to any material fact before the court.

The thrust of defendants' argument is that the plaintiff has failed to show any legal or equitable grounds for issuance of an order enjoining defendants' solicitations, as the defendants had a right to solicit funds in Johnston County because they were properly licensed by the State, pursuant to State law, to solicit funds anywhere in the State. They further argue that the plaintiff, through its complaint and affidavits, failed to show any wrongdoing on the part of the defendants and failed to show any material misrepresentations by the defendants.

[1]  The trial judge found "that there is a genuine issue of fact in equity raised by the pleadings, and that the motion of the defendants for summary judgment should be denied"; we do not agree. We hold, without considering the meritorious services rendered by each of these non-profit, charitable organizations, that the materials presented in support of defendants' motion for summary judgment showed that plaintiff suffered no compensable injury or damage under principles of law or equity. We note that the trial judge found "there is a genuine issue of fact." Whether there is a *genuine issue of fact* is not the question. The question is whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is a *genuine issue as to any material fact.* G.S. 1A-1, Rule 56 (c).

The allegations of plaintiff and the accompanying affidavits show that plaintiff has done a good job of raising funds in Johnston County and has performed faithful service to the people of Johnston County in the past; that during the years prior to 1969 the plaintiff cooperated with the defendant corporation in its program; that the plaintiff was opposed to the reorganization of the State Association into districts which took place in the spring of 1967; that the plaintiff withdrew its affiliation from the State Association in 1969; that the corporate defendant through its affiliate, the Tar River Association, conducted mail campaigns to Johnston County residents and received considerable funds in the 1969 and 1970 solicitation campaigns; and that defendants were in the process of mailing into Johnston County appeals for funds in the fall of

1971. However, these allegations do not form a legal basis for relief or a basis for the trial judge to enjoin the defendants from their legitimate solicitations in Johnston County under their right to solicit, pursuant to State law, funds anywhere in the State as provided in their license.

[2]  The plaintiff's complaint further alleged that the defendants' solicitations were misrepresenting to the residents of Johnston County that they were the "local" Johnston County association because their mailed letters list "Johnston County" on the letterhead and had imprinted thereon a map of Johnston County which constituted a willful misrepresentation by defendants with the purpose of hurting the fund-raising efforts of the plaintiff. An examination of the record discloses that this is a mere assertion and that even the affidavits tendered by plaintiff fail to show misrepresentation on defendants' part, much less a willful misrepresentation. On the other hand, the defendants offered the affidavit of C. Scott Venable, Executive Director of the North Carolina Tuberculosis and Respiratory Disease Association, Inc., which in pertinent part states as follows:

"That it is not true that the Tar River Association misrepresents itself as the Johnston County Association either in its appeal for funds or in other written materials. The Tar River Association lists Johnston County on its letterhead along with nine other counties in its area and uses a map to show that Johnston County along with nine other counties comprise the area of the Tar River Association."

Although some confusion may have resulted in the solicitations of the two organizations soliciting funds in Johnston County, there is no showing of misrepresentation. Consequently, this mere assertion of misrepresentation, without support in any other form, does not establish a genuine issue as to any material fact or a legal basis for enjoining defendants.

[3]  The further allegations of plaintiff's complaint, that defendants had no active local supporters in Johnston County; that neither of the defendants had made any accounting to the people of Johnston County; and that corporate defendant had not expended any funds raised by it within Johnston County or to the benefit of Johnston County residents, were not sufficient to establish a genuine issue as to any material fact or a sufficient basis to deny the defendants their right to solicit

funds in Johnston County for their charitable purpose. In fact, the defendants were under no legal duty to have active supporters or members in Johnston County; or to account to the people of Johnston County for the monies raised there, as long as defendants met the required reports by State law; or to spend their monies within Johnston County. However, we note that the above allegations were negated by the defendants' affidavits of Mr. Venable and Mr. Edgerton.

Finally, the plaintiff's allegation, that the defendants' solicitations had hurt and injured the plaintiff's efforts in soliciting funds in Johnston County, was not sufficient to establish a genuine issue as to any material fact or a basis for restraining the defendants. Even though plaintiff claimed its solicitations were not as successful as it would have desired, it failed to allege and disclose any unlawful activities on the part of the defendants. On the contrary, the record shows that the defendants were acting in accord with law, soliciting funds for their charitable purposes, and expending those funds for the benefit of mankind.

Although competition in this charitable field may not be desirable, we find that the complaint and the plaintiff's affidavits fail to disclose a genuine issue as to any material fact. For the above reasons, the defendants' motion for summary judgment should have been granted.

The question has not been argued by appellee, and we do not decide in this case, whether an appeal lies from a denial of a motion for summary judgment or from the issuance of a preliminary injunction.

Reversed.

Judges PARKER and HEDRICK concur.