MARSHALL CHANDLER AND AUSTIENE CHANDLER v. CLEVE-
LAND SAVINGS AND LOAN ASSOCIATION

No. 7427SC712

(Filed 5 February 1975)

1. **Mortgages and Deeds of Trust § 37— wrongful foreclosure — remedies of mortgagor**

    When a mortgage or deed of trust is wrongfully foreclosed, the injured mortgagor who elects not to ratify the same may either (1) treat the sale as a nullity and sue to set it aside, or (2) permit the sale to stand and sue the mortgagee to recover damages suffered as a result of the wrongful foreclosure.

2. **Ejectment § 2— summary ejectment — small claim action**

    The remedy of summary ejectment provided by G.S. 42-26 *et seq.* may now be obtained in a small claim action heard by a magistrate. G.S. 7A-210.

3. **Ejectment § 1— summary ejectment — necessity for landlord-tenant relationship**

    When the remedy of summary ejectment is sought, an allegation that the relationship of landlord and tenant exists between the parties is no longer necessary as a jurisdictional matter, but it is still necessary to show that the relationship exists in order to bring the case within the provisions of G.S. 42-26 before the remedy may be properly granted.

4. **Ejectment § 5; Mortgages and Deeds of Trust § 39; Rules of Civil Procedure § 13— summary ejectment — small claim action — wrongful foreclosure claim exceeding $300 — no compulsory counterclaim**

    Since plaintiffs could not have asserted their claim in excess of $300 (now $500) for wrongful foreclosure of a deed of trust in a small claim action for summary ejectment brought by defendant savings and loan association against plaintiffs following the foreclosure, they are not estopped by G.S. 1A-1, Rule 13 from asserting such claim in the present action.

5. **Mortgages and Deeds of Trust § 39— action for damages for wrongful foreclosure — default judgment in ejectment action — no estoppel**

    While plaintiffs might have elected to attack defendant's title derived through foreclosure in a small claim summary ejectment action brought by defendant against plaintiffs following the foreclosure, they were not required to do so and are not estopped from asserting a claim for damages for wrongful foreclosure by the fact that they permitted judgment by default to be taken against them in the summary ejectment proceeding.

6. **Mortgages and Deeds of Trust § 39— action for damages for wrongful foreclosure — summary judgment improper**

    In an action to recover damages for wrongful foreclosure of a deed of trust, summary judgment was improperly entered in favor of

defendant savings and loan association where genuine issues of fact existed as to whether the loan secured by the deed of trust was in default when, according to plaintiffs' affidavits, the femme plaintiff tendered payment of a monthly installment and such payment was rejected by defendant, and even as to whether such tender was in fact made.

**7. Rules of Civil Procedure § 43— motion for summary judgment — oral testimony**

Although Rule 43(e) permits the court to hear oral testimony in ruling upon a motion for summary judgment, such testimony should normally be utilized only if a small link of evidence is needed and not for a protracted hearing to determine whether there is to be a trial.

APPEAL by plaintiffs from summary judgment dated 29 April 1974 entered by *Falls, Judge,* after hearing held 12 April 1974 in Superior Court in CLEVELAND County.

Civil action to recover damages for wrongful foreclosure of a deed of trust on real property.

In complaint filed 25 January 1974 plaintiffs alleged: In July 1969 they obtained a $9,900.00 loan from defendant and secured the same by a deed of trust on a certain lot owned by them in Cleveland County. Although from time to time delinquent in paying monthly installments, plaintiffs had paid all arrearages on the loan by 13 May 1971. Defendant accepted the June 1971 payment of $107.63, but refused the feme plaintiff's tender of the July 1971 installment, informing her that the account was in arrears. Plaintiffs received no written explanation concerning the account other than a letter in August 1971 demanding a payment of $325.38 to bring the loan current. In fact no deficiency existed, but if any did exist it resulted from defendant's mistake in erroneously paying from plaintiffs' tax escrow fund administered by defendant taxes on a parcel of land owned by plaintiffs which was not included in the deed of trust. Despite such error on the part of defendant, defendant foreclosed upon the deed of trust and subsequently ejected the plaintiffs from their residence. Plaintiffs alleged that the reasonable value of their residence at the time of the wrongful foreclosure was $16,000.00, that they were indebted to defendant in the amount of $8,986.14 at the time defendant wrongfully refused to accept further monthly payments, and that they had been damaged in the amount of $6,113.86 (sic) by reason of the wrongful foreclosure. Plaintiffs prayed for recovery of actual damages of $6,113.86 and punitive damages of $50,000.00.

Chandler v. Savings and Loan Assoc.

Defendant did not file answer but moved for summary judgment under Rule 56, asserting among other grounds that defendant had previously brought proceedings in summary eject-ment against plaintiffs in which default judgment had been entered after personal service. Defendant contended that under the Rules of Civil Procedure plaintiffs were required to plead in the summary ejectment action any defenses which they allegedly had with respect to the foreclosure proceedings, and having failed to plead in that action, plaintiffs are now estopped from doing so.

At the hearing on defendant's motion for summary judg-ment, defendant did not present any affidavits but presented the oral testimony of its President, who testified at length con-cerning plaintiffs' transactions with defendant in connection with the loan account. By stipulation and by introduction of records, the following facts were also made to appear: Defendant bid the property in at the foreclosure sale and in October 1971 received deed from the trustee. On 4 November 1971 defendant brought a proceeding in summary ejectment against plaintiffs in which personal service was had upon the plaintiffs. No answer was filed in that proceeding, and on 23 November 1971, the magis-trate entered judgment that the defendants in that proceeding (the plaintiffs here) be removed from and that the Savings & Loan Association be put in possession of the premises. There-after, by deed dated 17 January 1972, defendant sold the prop-erty to third parties.

Affidavits of the plaintiffs were presented in opposition to defendant's motion for summary judgment. These tended to show that defendant had erroneously paid taxes from the escrow account on the wrong piece of property and that plaintiffs were not actually in default when the July 1971 payment was tendered and refused.

Following the hearing on defendant's motion for summary judgment, the court entered judgment dated 29 April 1974 in which the court found as facts that plaintiffs made no payment on their loan after 11 June 1971; that the trustee under the deed of trust notified plaintiffs by letter of this default; that fore-closure proceedings were commenced by notice of sale dated 26 August 1971 and were completed as required by statute; that defendant was the purchaser at the foreclosure sale; that when plaintiffs refused to vacate the premises, defendant commenced the summary ejectment proceeding; and that when plaintiffs

failed to plead or defend, judgment was entered in favor of defendant to recover possession of the premises.

The court concluded as a matter of law that the loan was in default when the foreclosure proceedings were commenced, that the foreclosure was in all respects regular, and further concluded:

> "That the plaintiffs were compelled, by and under the provisions of Rule 13 of the North Carolina Rules of Civil Procedure, to plead any defense or other remedy which they may have had with respect to their assertion of wrongful foreclosure, in the ejectment proceedings commenced subsequent to the foreclosure, by the defendant, and their failure to do so now bars and estops them from the assertion of their alleged remedy in damages for wrongful foreclosure by this action."

On these findings of fact and conclusions, the court granted defendant's motion for summary judgment and dismissed plaintiffs' action. Plaintiffs appealed.

*Mullen, Holland & Harrell P.A. by Graham C. Mullen for plaintiff appellants.*

*Hamrick & Hobbs by L. L. Hobbs for defendant appellee.*

PARKER, Judge.

[1]    When a mortgage or deed of trust is wrongfully foreclosed, the injured mortgagor who elects not to ratify the sale may either (1) treat the sale as a nullity and sue to set it aside, or (2) permit the sale to stand and sue the mortgagee to recover damages suffered as a result of the wrongful foreclosure. *Smith v. Land Bank,* 213 N.C. 343, 196 S.E. 481 (1938) ; *Burnett v. Supply Co.,* 180 N.C. 117, 104 S.E. 137 (1920) ; 55 Am. Jur. 2d, Mortgages, § 535; 5 Strong, N. C. Index 2d, Mortgages and Deeds of Trust, § 37. In the present case, plaintiffs have elected to pursue the second remedy.

In the light of the above statement of applicable legal principles, we first examine defendant's contention, which was adopted by the trial court as one of the bases upon which it rested its judgment, that plaintiffs' failure to assert their claim in the prior summary ejectment proceeding now bars and estops them from doing so in the present action. Determination of this

question requires that we examine the nature of the summary ejectment proceeding and the laws applicable thereto.

The remedy by summary proceedings in ejectment is provided for in G.S. Chap. 42, which deals with the rights and remedies as between landlord and tenant, and is restricted to those cases expressly provided for by G.S. 42-26. *Morris v. Austraw,* 269 N.C. 218, 152 S.E. 2d 155 (1967). Under our former practice, when the remedy of summary ejectment was obtained in a proceeding before a justice of the peace, in the absence of an allegation that the relationship of landlord and tenant existed between the parties and that the tenant was holding over, it was held that the justice of the peace was without jurisdiction, and on appeal, "[t]he jurisdiction of the Superior Court was derivative only and was limited to the powers which the justice of the peace could have exercised." *Howell v. Branson,* 226 N.C. 264, 265, 37 S.E. 2d 687, 688 (1946). In a case in which a mortgagor retained possession after foreclosure of the deed of trust and refused to surrender possession after demand by the mortgagee and by the purchaser at the foreclosure sale, our Supreme Court held that the relationship of landlord and tenant did not exist between the parties within the meaning of the summary ejectment statute and that in such case the remedy was not available. *McCombs v. Wallace,* 66 N.C. 481 (1872).

[2, 3] Following the adoption of the 1962 amendment by which Article IV of our State Constitution was rewritten, and since the enactment of statutes implementary thereto, the remedy of summary ejectment provided for by G.S. 42-26 et seq. may now be obtained in a small claim action heard by a magistrate. G.S. 7A-210. A magistrate is an officer of the district court, G.S. 7A-170, and the judgment of the magistrate in a civil action assigned to him by the chief district judge is the judgment of the district court. G.S. 7A-212. Therefore, under our present practice when the remedy of summary ejectment is sought, the allegation that the relationship of landlord and tenant exists between the parties is no longer necessary as a jurisdictional matter. Nevertheless, it is still necessary to show that the relationship exists in order to bring the case within the provisions of G.S. 42-26 before the remedy may be properly granted.

[4, 5] In the present case, when, in November 1971, the defendant brought the summary ejectment proceeding against the

present plaintiffs, the case was assigned to the magistrate as a small claim action. As such, the practice and procedure provided for small claim actions generally were to be observed. G.S. 7A-223. Among the applicable statutes governing procedure in small claim actions generally was G.S. 7A-219 which, in 1971, read as follows:

> "§ 7A-219. *Certain counterclaims; cross-claims; third party claims not permissible.* — No counterclaim, cross-claim or third party claim which would make the amount in controversy exceed three hundred dollars ($300.00) is permissible in a small claim action assigned to a magistrate. No determination of fact or law in an assigned small claim action estops a party thereto in any subsequent action which, except for this section, might have been asserted under the Code of Civil Procedure as a counterclaim in the small claim action."

> (Effective 1 July 1974 G.S. 7A-219 was amended to substitute "five hundred dollars ($500.00)" for "three hundred dollars ($300.00)" in the first sentence.)

By reason of the express language of G.S. 7A-219, even if plaintiffs' present claim be considered to be a compulsory counterclaim, as defendant now contends it should, which by reason of Rule 13 of the Rules of Civil Procedure plaintiffs would have been required to plead had the ejectment proceeding been brought otherwise than as a small claim action, plaintiffs could not have asserted it in the small claim action which was brought and they are not now estopped from doing so in the present action. It is true that plaintiffs could have attacked defendant's title in the summary ejectment action and if they had done so the action would have been placed on the civil issue docket of the district court division for trial before a district judge. G.S. 7A-223. However, as above noted, plaintiffs had a choice of remedies, and while they might have elected to attack defendant's title derived through the foreclosure proceeding, they were not required to do so. They were free to pursue the alternate remedy of seeking damages for the wrongful foreclosure, and we see no inconsistency between plaintiffs' present position in so doing and their prior position in permitting judgment by default to be taken against them in the summary ejectment proceeding. We hold that plaintiffs are not estopped by reason of the prior action and judgment from presently asserting their

Chandler v. Savings and Loan Assoc.

claim and that the summary judgment dismissing plaintiffs' action cannot be sustained on that ground.

[6] Turning to the other grounds upon which defendant's motion for summary judgment was allowed, we note that a comparison of the facts as disclosed by the oral testimony of defendant's President offered in support of the motion and the facts as set forth in plaintiffs' affidavits offered in opposition thereto reveals the existence of genuine issues as to material facts. For example, such comparison reveals that a genuine issue of fact exists between the parties as to whether the loan was in default when, according to plaintiffs' affidavits, the feme plaintiff tendered payment of the monthly installment due in July 1971 and such payment was rejected by defendant, and even as to whether such tender was in fact made. In view of the existence of genuine issues between the parties as to material facts, defendant's motion for summary judgment should have been denied.

[7] In passing, we note that although Rule 43 (e) of the Rules of Civil Procedure does permit the court to hear oral testimony in ruling upon a motion for summary judgment, "[t]his procedure should normally be utilized only if a small link of evidence is needed, and not for a long drawn out hearing to determine whether there is to be a trial." 6 Moore's Federal Practice, 2d Ed., ¶ 56.02 [9], p. 2042. In discussing the use of oral testimony at a hearing on a motion for summary judgment, the same treatise points out that receiving evidence at the hearing, as distinguished from considering supporting affidavits or depositions which are normally required to be filed before the hearing,

> "may not give the other party a fair opportunity to rebut; and this is particularly important in the case of the party opposing the motion for summary judgment.
>
> "Also the summary judgment procedure is apt to be wasteful and burdensome if the summary judgment hearing is a protracted hearing, in effect a trial, to determine that a trial must be held." 6 Moore's Federal Practice, 2d Ed., ¶ 56.11 [8], p. 2206.

We find these comments particularly pertinent to the present case.

The judgment allowing defendant's motion for summary judgment is reversed and this case is remanded for trial.

Reversed and remanded.

Chief Justice BROCK and Judge MARTIN concur.