UNITED STATES STEEL CORPORATION v. RONALD LASSITER

No. 753SC729

(Filed 21 January 1976)

1. Accounts § 1— action on account — summary judgment

In this action on an account, plaintiff movant for summary judgment met its burden of showing that there was no genuine issue as to any material fact when it submitted its verified complaint including an itemized statement of the account, defendant's answer to interrogatories, and affidavits of its credit manager and its assignor's

bookkeeper, and that burden was not overcome by the general denial in defendant's answer and his affidavit merely reaffirming the general denial.

2. **Limitation of Actions § 13— payment on account — beginning of statute anew**

    Each payment made on a current account starts the running of the statute of limitations anew as to all items not barred at the time of payment.

APPEAL by defendant from *Fountain, Judge.* Judgment entered 27 May 1975 in Superior Court, PITT County. Heard in the Court of Appeals 13 January 1976.

This is an action on an account. In its verified complaint, plaintiff alleged that defendant had become indebted to Pitt-Greene Fertilizer and Fuel Company, Inc. (Pitt-Greene) in the amount of $70,743.18 for services performed by Pitt-Greene; that Pitt-Greene had assigned the account to plaintiff; and that defendant was liable to plaintiff for said amount on a mutual, open and current account. An itemized statement of the account was attached to, and by reference made a part of, the complaint.

Defendant filed answer in which he merely denied the material allegations of the complaint. At a later date, he filed an amendment to his answer in which he pled the three years' statute of limitations.

Plaintiff moved for summary judgment. Its motion was supported by its verified complaint and statement of account attached thereto; answers to interrogatories in which defendant admitted that he had made payments on the account by turning over to plaintiff checks made payable to him from tobacco sales warehouses and insurance companies; and affidavits by the former bookkeeper of Pitt-Greene and the district credit manager of plaintiff setting forth, among other things, that as of 30 November 1968 defendant owed Pitt-Greene $284.61, that thereafter, by virtue of purchases made by defendant and after giving credit for all payments, the indebtedness increased to $70,458.57, and the last payment made by defendant was on 30 November 1971 in amount of $796.57. The action was instituted on 17 July 1974.

In opposition to the motion, defendant submitted his verified answer and his affidavit in which he merely reaffirmed his answer. Neither the answer nor the affidavit set forth any specific facts.

The court granted summary judgment in favor of plaintiff for the amount prayed and from the judgment, defendant appealed.

*James, Hite, Cavendish & Blount, by Robert D. Rouse III, for plaintiff appellee.*

*Roland C. Braswell for defendant appellant.*

BRITT, Judge.

First, defendant contends the trial court erred in granting summary judgment for the reason that the pleadings raised a genuine issue as to a material fact, namely, whether defendant is indebted to plaintiff in any amount. We find no merit in the contention.

[1] While the party moving for summary judgment has the burden of positively and clearly showing that there is no genuine issue as to any material fact, *Brawley v. Heymann,* 16 N.C. App. 125, 191 S.E. 2d 366 (1972), *cert. denied* 282 N.C. 425, 192 S.E. 2d 835 (1972), when the movant carries that burden the opposing party may not rest upon the mere allegations of his pleading but must respond with affidavits or other evidentiary matter which sets forth specific facts showing that there is a genuine issue for trial. G.S. 1A-1, Rule 56(e).

In this case, when plaintiff, at the hearing on its motion, submitted its verified complaint including an itemized statement of the account, defendant's answers to interrogatories, and the affidavits of Pitt-Greene's former bookkeeper and plaintiff's district credit manager, it met its burden and that burden was not overcome by the general denial in defendant's answer and his affidavit which was a mere reaffirmance of the general denial.

Defendant further contends that the trial court erred in rejecting his plea of the three years' statute of limitations. This contention has no merit.

[2] It is well settled in this jurisdiction that each payment made on a current account starts the running of the statute of limitations anew as to all items not barred at the time of payment. *Little v. Shores,* 220 N.C. 429, 17 S.E. 2d 503 (1941); *Supply Company v. Banks,* 205 N.C. 343, 171 S.E. 358 (1933); *Supply Company v. Dowd,* 146 N.C. 191, 59 S.E. 685 (1907). Plaintiff's verified statement discloses that no item was as much as three years old when a payment was made and the suit

was instituted within three years after the last payment was made.

The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.