IN THE MATTER OF THE WILL OF E. C. EDGERTON, SR., DECEASED

No. 754SC975

(Filed 7 April 1976)

1. **Wills §§ 18, 60— renunciation by caveator of share in estate — burden of proof met by propounders**

   The propounders in a caveat proceeding satisfied their burden of showing that there was no genuine issue of fact in controversy and that they were entitled to judgment as a matter of law when they submitted caveator's release and renunciation of his share of testator's estate in support of their motion for summary judgment.

2. **Wills § 60— renunciation of share in estate — adequacy of consideration**

   Caveator's contention that there was a genuine issue of material fact as to whether a release by him of his expected share in decedent's estate was supported by consideration is without merit where the record indicates that two conveyances of land were made in exchange for the release; moreover, decedent had an absolute right to disinherit caveator, and it cannot be said that the consideration was inadequate because it was later determined that caveator did not receive an adequate share of decedent's estate.

3. **Wills § 60— renunciation of share in estate — obtaining by false representations or undue influence**

   Caveator's contentions that genuine issues of material fact were raised as to whether a release of his share in decedent's estate executed by him was obtained by false representations relied upon by caveator, and by undue influence, are without merit, since no evidence was offered to show any fraudulent misrepresentation by the decedent, and since the averment by caveator that he always was obedient to his father and so signed the release at his father's, the decedent's, direction, did not constitute a showing of undue influence.

4. **Evidence § 11; Wills § 60— renunciation of share in estate — promises of decedent — exclusion under dead man's statute**

   G.S. 8-51, the dead man's statute, operated to exclude evidence by caveator as to unfulfilled promises by decedent to convey additional lands to caveator in return for caveator's execution of a release of his share in decedent's estate.

APPEAL by caveator from *James, Judge.* Judgment entered 25 August 1975 in Superior Court, SAMPSON County. Heard in the Court of Appeals 16 March 1976.

Caveat proceeding was instituted by E. C. Edgerton, Jr., (Caveator) to have set aside what purported to be the will of E. C. Edgerton, Sr. The propounders of the purported will answered and alleged that caveator did not have standing as

required by G.S. 31-32 to file caveat. [See: *In re Will of Edgerton*, 26 N.C. App. 471, 216 S.E. 2d 476 (1975), for more detailed facts which we do not deem it necessary to repeat.]

Propounders moved for summary judgment and submitted a paper writing, dated 9 May 1973, signed by caveator in which is stated, "I . . . E. C. Edgerton, Jr., son of E. C. Edgerton, Sr., claim no right to, or interest in, the estate of my father, E. C. Edgerton, Sr., for that E. C. Edgerton, Sr., has already previously settled upon me all gifts and property rights to which I might be entitled as an heir of my said father; and this Notice is herewith given to set forth to all concerned my complete satisfaction to the settlement made upon me." Also submitted in support of the motion for summary judgment were deeds executed on 9 May 1973 from E. C. Edgerton, Sr., et ux to E. C. Edgerton, Jr.

In opposition to the motion for summary judgment, caveator submitted an affidavit in which he stated that he signed the renunciation and release at the request of his father, and he always obediently did what his father asked him to do. The affidavit further states that the decedent promised to convey additional land to caveator, and promised that caveator would receive his share of decedent's estate, caveator would sign the renunciation. Moreover, according to caveator's affidavit, the conveyances from decedent to caveator on 9 May 1973 were not gifts, and deeds of trust from caveator for the benefit of E. C. Edgerton, Sr. were submitted to establish that caveator agreed to make substantial payments to his father for the tracts of land conveyed to him.

Concluding that caveator did not have standing to caveat, the trial court granted summary judgment for propounders and dismissed the caveat. Caveator appealed to this Court.

*McLeod and McLeod, by Max E. McLeod, and Johnson and Johnson, by W. A. Johnson, for caveator appellant.*

*Bryan, Jones, Johnson, Hunter and Greene, by Robert C. Bryan, and Haworth, Riggs, Kuhn and Haworth, by John Haworth, for propounder appellees.*

ARNOLD, Judge.

The essence of this appeal is whether it was proper to grant summary judgment dismissing the caveat. Summary judgment

is proper where "the pleadings, depositions, answers to inter-rogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." G.S. 1A-1, Rule 56.

Propounders maintain that caveator executed a renuncia-tion and release to any interest in decedent's estate, and, pur-suant to G.S. 31-32, caveator no longer has standing to file a caveat. It is asserted by caveator that the paper writing did not constitute a valid release and renunciation, that the same was not supported by valuable consideration; that caveator was induced to sign the instrument by false representation made by decedent and relied upon by caveator; that caveator was unduly influenced to sign the paper writing; and that caveator signed it in reliance upon unfulfilled promises and assurances by decedent to convey him additional land.

Since the propounders moved for summary judgment it was incumbent upon them to convince the trial court that no genuine issue as to any material fact existed, and that they were en-titled to judgment as a matter of law. The critical question for determination by the trial court was whether the pleadings, depositions, answers to interrogatories, admissions on file, to-gether with the affidavits, established a genuine issue as to any material fact. *Tuberculosis Assoc. v. Tuberculosis Assoc.,* 15 N.C. App. 492, 190 S.E. 2d 264 (1972).

The burden is on the moving party to show that there is no genuine issue of material fact regardless of who will have the burden of proof on the issue concerned at the trial. *Whitley v. Cubberley,* 24 N.C. App. 204, 210 S.E. 2d 289 (1974). Once the movant establishes that there is no genuine issue of material fact the movant must further prove that he is entitled to judg-ment as a matter of law. *Van Poole v. Messer,* 19 N.C. App. 70, 198 S.E. 2d 106 (1973).

[1] In the case at bar the propounders satisfied their burden of showing that there was no genuine issue of fact in con-troversy and that they were entitled to judgment as a matter of law when they submitted caveator's release and renunciation in support of their motion for summary judgment. *See* G.S. 31-32; *In re Ashley,* 23 N.C. App. 176, 208 S.E. 2d 398 (1974).

The moving parties having carried their burden, "the opposing party may not rest upon the mere allegations of . . .

pleading but must respond with affidavits or other evidentiary matter which sets forth specific facts showing that there is a genuine issue for trial." G.S. 1A-1, Rule 56 (e) ; *U. S. Steel Corp. v. Lassiter,* 28 N.C. App. 406, 221 S.E. 2d 92, 94 (1976). Where a motion for summary judgment is supported by proof which would require a directed verdict in his favor at trial he is entitled to summary judgment unless the opposing party comes forward to show a triable issue of material fact. The opposing party does not have to establish that he would prevail on the issue involved, but merely that the issue exists. *Millsaps v. Contracting Co.,* 14 N.C. App. 321, 188 S.E. 2d 663 (1972).

Caveator did nòt rest upon his pleadings but submitted affidavits and documents in opposition to the motion for summary judgment. In order to show the existence of a genuine issue of material fact it was necessary for caveator to offer specific proof which would raise a question as to whether the paper writing of 9 May 1973 constituted a valid renunciation.

[2]   With respect to caveator's assertion that there is a genuine issue of material fact as to whether the release was supported by consideration the record indicates that two conveyances of land were conveyed in exchange for the release. The release by an heir of an expectant share is binding if the release is given for a valuable consideration and the consideration given for the release is not "grossly inadequate," or procured by fraud or undue influence. *Price v. Davis,* 244 N.C. 229, 93 S.E. 2d 93 (1956).

The decedent had an absolute right to disinherit caveator, and we cannot say that the consideration was inadequate because it was later determined that caveator did not receive an adequate share of decedent's estate.

[3]   Caveator's contentions that genuine issues of material fact were raised as to whether the paper writing was obtained by false representations relied upon by caveator, and by undue influence, are without merit.

If at the time a promise was made by the decedent it was made with the intention by decedent not to perform, and the caveator reasonably relied on the promise to his injury, there would be a question of whether the promise amounted to a misrepresentation of a material fact which would support an action for fraud. However, no evidence was offered to show any fraudulent misrepresentation by the decedent. The only evi-

dence presented concerned unfulfilled promises, and an unfulfilled promise will generally not support an action for fraud. *Gribble v. Gribble,* 25 N.C. App. 366, 213 S.E. 2d 376 (1975).

Assuming *arguendo* that the evidence relating to unfulfilled promises by decedent to convey additional lands to caveator did raise a question of fraudulent misrepresentation, the evidence was not admissible for reasons hereafter stated. "If the matters stated in the pleadings, affidavits and depositions are not admissible in evidence, they should be stricken and not considered by the court." *North Carolina Nat. Bank v. Gillespie,* 28 N.C. App. 237, 220 S.E. 2d 862, 866 (1976).

Moreover, we find no evidence of undue influence by decedent on caveator. The averment by caveator that he always was obedient to his father and did what his father told him to do does not constitute a showing of undue influence in the sense that it was a fraudulent influence. *See Greene v. Greene,* 217 N.C. 649, 9 S.E. 2d 413 (1940).

[4] There is merit in propounder's argument that G.S. 8-51 (the dead man's statute) makes inadmissible the caveator's averments regarding unfulfilled promises by decedent to convey additional lands to caveator in return for caveator's execution of the release. The statute, as pertinent to this issue, provides that " . . . a party shall not be examined as a witness in his own behalf or interest . . . against the executor, administrator or survivor of a deceased person . . . or a person deriving his title or interest from, through or under a deceased person . . . , concerning a personal transaction or communication between the witness and the deceased person . . . . " The caveator and propounders come within the ambit of G.S. 8-51, and we hold that the statute operates to exclude evidence by caveator concerning any personal transactions or communications between him and decedent. *See In re Will of Lomax,* 226 N.C. 498, 39 S.E. 2d 388 (1946).

It might be argued by caveator that since propounders introduced an affidavit containing testimony of Mrs. E. C. Edgerton, Sr., executrix of the will, concerning the execution of the release and the delivery of deeds in exchange for the release, that the door was opened under an exception contained within G.S. 8-51. [*See* Stansbury, N. C. Evidence, Brandis Revision, Exceptions—"Opening the door," § 75] An examination of the affidavit, however, reveals that while Mrs. Edgerton testified

concerning the execution of and identity of the renunciation and certain instruments, there was no testimony concerning promises which decedent did or did not make. We therefore hold that evidence by caveator concerning promises made by decedent is excluded.

We disagree with caveator's contention that the affidavits which he submitted present ample proof that the renunciation he signed was invalid. Caveator's competent evidence was not sufficient to show the existence of any genuine issue as to a material fact. Inasmuch as the renunciation is a "release of all rights on the part of E. C. Edgerton, Jr., to share in the estate of E. C. Edgerton, Sr.," Mr. Edgerton, Jr., does not have standing to caveat his father's purported will, and the propounders are entitled to judgment as a matter of law.

We have examined caveator's remaining assignments of error and we find no error. The judgment appealed from is

Affirmed.

Judges MORRIS and HEDRICK concur.