PEARCE YOUNG ANGEL COMPANY v. DON BECKER ENTERPRISES, INC., D/B/A HARBOR VIEW RESTAURANT. DONALD E. BECKER AND TED SEAWELL

No. 795DC225

(Filed 20 November 1979)

1. **Rules of Civil Procedure § 56.3— exclusion of oral testimony at summary judgment hearing—failure to place testimony in record**

The trial court did not abuse its discretion in excluding a witness's oral testimony on motion for summary judgment where there was no showing that the witness's testimony could not have been presented by affidavit. Nor did the court commit prejudicial error in refusing to place the witness's testimony in the record. G.S. 1A-1, Rule 43(e).

2. **Guaranty § 2— action on guaranty—summary judgment for plaintiff**

In an action to recover upon defendant's guaranty of an account for food sold to a restaurant, plaintiff's evidence on motion for summary judgment showing a guaranty signed by defendant and itemized invoices and credit memos showing that the restaurant owed plaintiff a certain amount on the guaranteed account, if presented at trial, would entitle plaintiff to a directed verdict and shifted to defendant the burden of showing that a genuine issue of material fact existed, and defendant failed to carry his burden where he presented only his affidavit in which he denied knowledge of having executed the guaranty and stated that he had no knowledge of the sales to the restaurant or of credits or payments.

3. **Guaranty § 1— guaranty signed by two guarantors—no joint guaranty—termination of guaranty by one guarantor**

Where a guaranty of payment of supplies purchased by a restaurant took the form of one contract with two signatures but did not bind the two guaran-

tors to be jointly responsible for a particular amount and instead made each of them liable to a maximum of $10,000, just as if a separate guaranty had been signed by each of them, one guarantor's termination of his guaranty, clearly worded to affect his liability alone, did not terminate the second guarantor's liability on his guaranty.

Judge WELLS dissenting in part and concurring in part.

APPEAL by plaintiff from *Barefoot, Judge*. Judgment entered 21 November 1978 in District Court, NEW HANOVER County. Heard in the Court of Appeals 24 October 1979.

Plaintiff, a food wholesaler, alleges that during the period from 6 July 1977 to 15 August 1977 it delivered food at the request of the corporate defendant to that defendant's Harbor View Restaurant on credit, and that that defendant is indebted to plaintiff in the amount of $11,606.36 for the food. Plaintiff further alleges that each of the individual defendants guaranteed the payment of such account purchases to a maximum of $10,000.

Plaintiff took a voluntary dismissal as to defendant Seawell. The corporate defendant failed to answer, and a default judgment was entered against it. Defendant Becker (hereinafter defendant) answered, and subsequently both parties moved for summary judgment. Plaintiff supported its motion with affidavits and exhibits which indicated that the Harbor View account was opened in February 1976, with Becker and Seawell guaranteeing purchases to a maximum of $10,000 each. The account was kept current until 6 July 1977, and all amounts alleged to be presently due were charged to the account between 6 July and 15 August 1977. On 12 September 1976, Seawell gave written notice as permitted by the guarantee that he would be responsible for no charges incurred after that date. Seawell did not intend to include Becker in the termination notice, and Becker was not informed that it had been sent. Plaintiff did not acknowledge the notice, or take any action upon it.

In support of his motion, defendant presented his affidavit, attesting that he had no knowledge of ever executing a guarantee, and that he had no notice of Seawell's termination. Defendant's motion was granted, and plaintiff appeals.

*Carter & Carter, by James Oliver Carter, for plaintiff appellant.*

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiff supported its motion for summary judgment with two affidavits and three exhibits. At the hearing on the parties' summary judgment motions plaintiff then offered the testimony of its salesman Carl Dawsey to prove that defendant had been notified by plaintiff of Seawell's termination of guarantee and that defendant had agreed to continue to be bound. Without directly ruling on the admissibility of this testimony, the court gave summary judgment for defendant. He also refused counsel's request to place Dawsey's testimony in the record, saying that "plaintiff's counsel had already stated to the Court what the witness would have testified to." Plaintiff argues that Dawsey's testimony should have been admitted. However, as plaintiff concedes, while oral testimony is permissible on a motion for summary judgment, G.S. 1A-1, Rule 43(e); *Chandler v. Cleveland Savings & Loan Assn.*, 24 N.C. App. 455, 211 S.E. 2d 484 (1975), the admission of such testimony is in the court's discretion. G.S. 1A-1, Rule 43(e); *Insurance Co. v. Chantos*, 21 N.C. App. 129, 203 S.E. 2d 421 (1974) (dictum). Plaintiff has shown us no reason why Dawsey's testimony could not have been presented by affidavit, giving defendant the opportunity to rebut. See *Chandler v. Cleveland Savings & Loan Assn., supra.* We find no abuse of discretion in the exclusion of the testimony here. Nor do we find prejudical error in the court's refusal to place Dawsey's testimony in the record.

[2] Plaintiff also contends that the granting of summary judgment for defendant was improper, and that plaintiff was in fact entitled to summary judgment. In support of its motion plaintiff presented a guarantee signed by both Seawell and Becker, and itemized invoices and credit memos showing that the corporate defendant owed plaintiff $11,606.36 on the guaranteed account. This evidence, if presented at trial without more, would entitle plaintiff to a directed verdict, and so shifted to defendant the burden of showing that a genuine issue of material fact existed.

*See Matter of Will of Edgerton,* 29 N.C. App. 60, 223 S.E. 2d 524, *cert. denied* 290 N.C. 308, 225 S.E. 2d 832 (1976). Defendant did not carry this burden. He presented only his affidavit, in which he denied "having any knowledge of ever having executed such a guarantee" and stated further that he had no knowledge of sales to the Harbor View Restaurant, or of credits or payments. This was insufficient to meet the requirement of G.S. 1A-1, Rule 56(e) that defendant set forth "specific facts" showing that there was a genuine issue for trial. *Cf. United States Steel Corp. v. Lassiter,* 28 N.C. App. 406, 221 S.E. 2d 92 (1976).

[3] Plaintiff also presented with its motion a letter from Seawell terminating his guarantee. Defendant argues that this termination on Seawell's part released defendant from liability also.

The guarantee signed by Seawell and Becker reads as follows:

Gentlemen:

In consideration of your granting to my business, *ten thousand and 00/100*—a line of credit upon restaurant supplies and related items to be purchased from time to time from you on open account, I (we) hereby personally guarantee the payment of such open account purchases, subject to the following limitations:

(1) This guarantee shall be subject to the maximum sum of *$10,000* for each of the undersigned.

(2) I (we) may at any time terminate this guarantee by written notice to you. Upon such notice of termination of this guarantee, this guarantee shall remain in full force and effect as to all open account purchases, within the limit above set out, which have heretofore been purchased by the Company, *Harbor View Rest.*, and are still unpaid at the time of such notice; but shall not apply to any open account purchases subsequent to the receipt by you of such notice.

Seawell's letter to the plaintiff indicates: "As of Sept. 12, 1976 neither my wife Anne nor I will have any interest in the operation of the Harbor View Restaurant . . . or Don Becker Enterprises, Inc. . . . [W]e hereby cancel our credit backing and will as-

sume no financial responsibility for bills or charges incurred after September 11, 1976. . . ."

Defendant first argues that Seawell's letter terminated the entire guarantee, but we find that this is not the case. The rights of a creditor against a guarantor arise out of the guaranty contract, and must be determined by reference to that contract. See *EAC Credit Corp. v. Wilson*, 281 N.C. 140, 187 S.E. 2d 752 (1972); 38 Am. Jur. 2d, Guaranty § 115. The language of paragraph (1) of the guaranty here reveals that while the guaranty took the form of one contract with two signatures, it did not bind Seawell and Becker to be jointly responsible for a particular amount of credit extended to the corporation, but instead made each of them liable to a maximum of $10,000, just as if a separate guaranty had been signed by each of them. Accordingly, Seawell's termination of his guarantee, clearly worded to affect his liability alone, did not terminate defendant's guaranty as well.

Nor do we find that the rules applicable to releases apply to terminate defendant's liability. It is uncontradicted that plaintiff did nothing in response to Seawell's letter that would have consituted a release of either Seawell or defendant. Furthermore, defendant has not been injured by this termination without notice, as is often the case with a release, see 38 Am. Jur. 2d, Guaranty §§ 128 and 91, since by the terms of the guaranty contract he has made himself liable to a maximum of $10,000, without regard to the presence or absence of other guarantors.

Defendant has failed to establish that there exists any genuine issue of material fact, and upon the law plaintiff is entitled to summary judgment against defendant in the amount of $10,000. The order of the trial court is

Reversed.

Judge WEBB concurs.

Judge WELLS dissents in part and concurs in part.

Judge WELLS dissenting in part and concurring in part:

I do not read the requirements of G.S. 1A-1, Rule 56(e) to place the burden on the defendant to set forth specific facts with

respect to his contention that he did not have any knowledge of having executed the guaranty agreement. His affidavit contains the following statement:

> As to the guarantee which purports to bear my signature, I deny having any knowledge of ever having executed such a guarantee. Based upon the copies which I have seen, I am unable to state that it is my signature and, therefore, I deny it.

Defendant's affidavit also contains a denial of the sales to the corporate defendant and a lack of knowledge of payments and credits.

It seems to me that the defendant, in his affidavit, has set forth a sufficient basis to raise genuine issues for trial as to whether he in fact signed the guaranty agreement or whether it was signed by someone else with his permission and on his behalf; and whether the sales detailed in plaintiff's affidavit were in fact made and not paid for.

I concur with the majority that summary judgment for defendant was not appropriate; but it is my opinion that neither is summary judgment for plaintiff appropriate, and that the cause should be remanded for trial on the issues of fact I have enumerated above.