GEORGE PARKER AND MEREDITH PARKER v. EVERETT G. SHELDON AND DAISY S. SHELDON AND CARL S. MILSTED, TRUSTEE

No. 794SC1095

(Filed 1 July 1980)

**Mortgages and Deeds of Trust § 37― damages for wrongful foreclosure – setting aside foreclosure – election of remedies**

Whether, at the beginning of their action, plaintiffs elected to recover damages for wrongful foreclosure or elected to have the foreclosure proceedings set aside, by their failure to assign error to the trial court's order that the sale be set aside they elected to treat the sale as a nullity, and the trial court correctly found that plaintiffs proved no damages as a result of the institution of the foreclosure proceedings.

APPEAL by plaintiffs from *Bruce, Judge.* Judgment entered 14 June 1979 in Superior Court, ONSLOW County. Heard in the Court of Appeals 13 May 1980.

Plaintiffs allege that in 1972 they purchased a piece of property from defendants Sheldon, and that defendant Milsted was made trustee of the deed of trust. They further allege that in 1974 Milsted wrongfully foreclosed on this property, and that the Sheldons were the purchasers at the foreclosure sale. By their original complaint plaintiffs sought to recover $18,000, which is alleged to be the fair market value of the property, and to have the foreclosure proceedings set aside. In 1978 plaintiffs were allowed to amend their complaint, and by their amended complaint they seek only to recover the fair market value, alleged to be $18,000, of the property.

Upon defendant Milsted's Rule 12(b)(6) motion, the action against him was dismissed. The court, sitting without a jury, determined that the manner in which the foreclosure was instituted had denied the plaintiffs due process of law, and set aside the foreclosure. The court also found that plaintiffs had proved no damages from the wrongful institution of foreclosure proceedings. From the court's decision not to award damages, plaintiffs appeal.

*Willis A. Talton for plaintiff appellants.*

*W. M. Cameron, Jr. for defendant appellees.*

ARNOLD, Judge.

The trial court found that the institution of foreclosure proceedings violated plaintiff's due process rights because plaintiffs were not notified that the debt was being accelerated and because no hearing was held to determine whether plaintiffs were actually in default. The court concluded: "(5) The institution of foreclosure proceedings being in violation of the constitutional rights of the plaintiffs, the foreclosure is therefore a nullity and the trustee's deed [to the Sheldons] is void," and "(7) The plaintiffs have failed to show that they are entitled to damages as a result of the institution of the foreclosure proceedings in violation of their constitutional rights." Plaintiffs excepted only to Conclusion 7 and the court's resulting denial of damages to them.

Plaintiffs now rely on *Chandler v. Cleveland Savings & Loan Assn.,* 24 N.C. App. 455, 211 S.E. 2d 484 (1975) for the proposition that in the case of a wrongful foreclosure the injured mortgagor who elects not to ratify the sale may elect whether to sue to set the sale aside or to permit the sale to stand and sue to recover damages. Plaintiffs contend that they have made their election to sue for damages and are entitled to recover damages. The proposition set out as dicta in *Chandler* is not pertinent to the present case, however, in the posture in which the case reaches us on appeal.

Plaintiffs did not take exception to the court's conclusion to

set the sale aside, and they do not argue on appeal that this portion of the court's judgment was error. Instead, they appear to take the position that once the court found a wrongful foreclosure they became entitled to recover the damages they sought in their complaint, in spite of the fact that the foreclosure sale has been set aside. This is not the law.

Whichever remedy plaintiffs may have elected to pursue at the institution of this action, by their failure to assign error to the trial court's order that the sale be set aside they have now elected to treat the sale as a nullity. The trial court correctly found that plaintiffs have proved no damages "as a result of the *institution* of the foreclosure proceedings" (emphasis added), and the denial of damages to plaintiffs was proper.

Affirmed.

Judges MARTIN (Robert M.) and HILL concur.