EDITH B. SUMBLIN v. CRAVEN COUNTY HOSPITAL CORPORATION, A COR-
PORATION; COASTAL NEURO-PSYCHIATRIC ASSOCIATES, P.A., A COR-
PORATION; ELLIS F. MUTHER AND CLARENCE BALLENGER

No. 873SC77

(Filed 7 July 1987)

1. **Insane Persons § 1; False Imprisonment § 2.1— defendant confined to psy-
chiatric ward of hospital — no false imprisonment**

The trial court properly dismissed plaintiff's complaint for false imprison-
ment based on her contention that she was unlawfully restrained by defendant
hospital's neuro-psychiatric personnel because defendant failed to comply with
statutory guidelines for involuntary commitment, since plaintiff's private
physician ordered her placed in the neuro-psychiatric ward; the physician was
not an agent of defendant; it was the physician, if anyone, and not the nurses
or hospital personnel who sought involuntarily to commit defendant; and ab-
sent obvious negligence by the physician or danger to the patient, neither of
which was present here, defendant's personnel were obligated to follow the in-
structions of the treating physician.

2. **Hospitals § 3.2— one patient molested by another — standard of care among
hospitals — showing not required**

The trial court erred in granting summary judgment for defendant hospi-
tal on plaintiff's negligence claim based on her contention that she was
molested by a fellow patient, since the alleged breach of duty did not involve
the failure to render professional nursing or medical services requiring special
skills, and it was therefore not necessary for plaintiff to establish the standard
of care prevailing among hospitals in like situations.

APPEAL by plaintiff from *Herbert O. Phillips, III, Judge.*
Order entered 22 September 1986 in Superior Court, CRAVEN
County. Heard in the Court of Appeals 9 June 1987.

*Jeffrey S. Miller for plaintiff appellant.*

*Sumrell, Sugg & Carmichael by Fred M. Carmichael and Ru-
dolph A. Ashton, III, for defendant appellees.*

BECTON, Judge.

Plaintiff, Edith Sumblin, brought this action against defend-
ant, Craven County Hospital Corporation (the Hospital), alleging
that the Hospital (1) falsely imprisoned her by transferring her to
its psychiatric ward, and (2) negligently failed to protect her from
assaults by another patient. The trial judge granted the Hospi-
tal's motion for summary judgment on both causes of action. Sum-

blin appeals. We affirm as to the action for false imprisonment but reverse the trial judge's grant of the motion for summary judgment on the negligence action.

I

The parties agreed to the following facts. Edith Sumblin was hospitalized at Craven County Hospital on 10 June 1983 at the direction and under the care of her private physicians, Doctors Ballenger and Muther. Dr. Ballenger is a neurologist, and Dr. Muther is a psychiatrist. On 11 June 1983, Dr. Ballenger instructed Sumblin's attending nurses to transfer her to the Hospital's Neuro-Psychiatric ward. The nurses complied. Sumblin was not permitted to leave the psychiatric ward until 13 June 1983.

During her stay on the ward Sumblin was accosted by another patient known to her only as "Gerald." Sumblin alleged that "Gerald" often attempted and sometimes succeeded in putting his hands underneath her gown and grabbing her legs and clothing. She said she protested against these molestations and complained to the nurses. She further alleged that the nurses did not respond promptly or adequately to her complaints. Sumblin alleged that she suffered emotional injury as a result of "Gerald's" molestations.

The Hospital in their Answer maintained that the nurses responded timely and reasonably to Sumblin's complaints.

II

[1] Sumblin first contends that the trial judge erred in granting the Hospital's motion for summary judgment on her false imprisonment action. We disagree. False imprisonment is the involuntary and unlawful restraint of a person against her will without legal process. Strong's North Carolina Index, 3d Ed. False Imprisonment Sec. 1. Sumblin contends that she was unlawfully restrained by the Hospital's neuro-psychiatric personnel because the Hospital failed to comply with statutory guidelines for involuntary commitment.

The guidelines for involuntary commitment were provided in N.C. Gen. Stat. Chapter 122 (1985) which was repealed in 1986 and replaced by N.C. Gen. Stat. Chapter 122C (1986). The old and new statutes essentially set out the same procedures for involuntary

commitment. Assuming no emergency, commitment may be accomplished only after a magistrate or clerk of court issues an order to take custody. Such an order is based on a sworn affidavit by the party, which may be a physician, seeking commitment. In the instant case, Sumblin's private physician ordered her placed in the neuro-psychiatric ward. The physician was not an agent of the Hospital. It was the physician, if anyone, and not the nurses or hospital personnel who sought to involuntarily commit plaintiff. Thus the conduct of the hospital personnel was not unlawful in this case. Absent obvious negligence by the physician or danger to the patient, hospital personnel are obligated to follow the instructions of a treating physician. *See Byrd v. Marion General Hospital, et al.*, 202 N.C. 337, 162 S.E. 738 (1932). We find nothing in the complaint, affidavits or depositions to suggest that the physician's instructions were obviously negligent or dangerous to Sumblin. Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, fail to establish a genuine issue as to any material fact. *Johnston County Tuberculosis Ass'n, Inc. v. N.C. Tuberculosis and Respiratory Disease Ass'n, Inc.*, 15 N.C. App. 492, 190 S.E. 2d 264 (1972). The Hospital did not unlawfully restrain Sumblin. This assignment of error is overruled.

## III

[2]   Sumblin next contends that the trial judge erred in granting the Hospital's summary judgment motion on her negligence action. We agree. Sumblin alleged that she was repeatedly molested by "Gerald" during her stay on the neuro-psychiatric ward. She stated that she complained to the nurses on 11 June but they did not help; instead, they advised her to give him a cigarette and told her he would not harm her. On 12 June Sumblin's daughters visited her. They testified on deposition that "Gerald" sat at their mother's feet, followed her around the ward, and fondled and molested her during their visit. They complained to the nurses but the nurses told them that they could not manhandle the patients. "Gerald's" assaultive behavior continued for several hours. Sumblin's daughters contended that the nurses responded only after they threatened to handle "Gerald" themselves.

The Hospital contends that its personnel responded reasonably under the circumstances. The nurses' statements on deposi-

tion reflected a more thorough, ongoing attempt to insure that "Gerald" did not harm Sumblin and that "Gerald" himself was not harmed. Although the disagreement between the parties' versions of the events is obvious, the question whether the dispute reaches a *material* fact can only be resolved after we determine what standard of care should apply to hospital personnel in this case. The Hospital contends that the standard for health care providers should apply. It further argues that because Sumblin failed to offer an expert witness to establish a professional standard of care, she could not show that the Hospital performed negligently. We disagree. In *Burns v. Forsyth County Hospital Authority*, 81 N.C. App. 556, 344 S.E. 2d 839 (1986), this Court stated that a hospital, much like the proprietor of any public facility, owes a duty to its invitees to protect the patient against foreseeable assaults by another patient. "When the alleged breach does not involve the rendering or failure to render professional nursing or medical services requiring special skills, it is not necessary to establish the standard of due care prevailing among hospitals in like situations in order to develop a case of negligence." *Norris v. Rowan Memorial Hospital*, 21 N.C. App. 623, 626, 205 S.E. 2d 345, 348 (1974). Such is the case here. Sumblin alleged that she was assaulted by another patient. No special skill was required to protect her in this case. The trier of fact must decide whether hospital personnel acted as reasonably prudent persons under the circumstances.

The judgment is

Affirmed in part, reversed in part, and remanded.

Judges MARTIN and COZORT concur.