SHARP *v.* GRIP NUT COMPANY ET AL.

[No. 17,371. Filed October 2, 1945.]

*Kissinger & Kissinger,* of Columbia City, and *Brown & West,* of Chicago, Illinois, for appellant.

*Benton J. Bloom, Benton W. Bloom, William M. Bloom, Benton E. Gates, C. J. Freund* and *Ralph F. Gates,* all of Columbia City, for appellees.

DRAPER, J.—In December, 1941, the appellee Grip Nut Company, plaintiff below, brought this action against the appellant and several others to replevy certain stock certificates. All defendants appeared generally by counsel and each filed answer, that of the appellant filed in February, 1942, alleging he was the owner and entitled to the possession of the certificates. The cause was put at issue by Grip Nut's reply, and in June, 1943, resulted in a judgment in its favor.

In July, 1944, the appellant filed in said cause his verified petition whereby he sought to have the judgment against him vacated and set aside. Notices were served and issues joined on said petition, which, after hearing, was overruled, and this appeal followed. No question concerning appellant's method of attacking the judgment has been raised.

There is little dispute in the evidence. In July, 1942, the appellant entered the Army of the United States as a commissioned officer, and so far as the record shows, he is still so engaged. The cause was set for trial in February of 1943, and again in May and in June of that year. Each time, the appellant's counsel was timely notified of the setting by Grip Nut's counsel or by the trial court. The first setting was continued at the request of appellant's counsel, who then indicated a belief that it could be disposed of at the next term. At the second, Grip Nut was present ready for trial but neither the appellant nor his counsel appeared and the cause

was again continued. At the third, on June 29, 1943, neither the appellant nor his counsel appeared and the cause was submitted in their absence, the evidence was heard and the judgment rendered. No motion for a continuance or stay of proceedings, nor any showing of any kind with reference to appellant's status as a soldier was ever made.

The appellant, a resident of the State of Illinois, served continuously outside the State of Indiana but within the United States except for brief leaves of absence. He had no personal knowledge of the setting of the case for trial nor of the judgment rendered until after its rendition. His counsel, who had represented him from the beginning, had suggested to Grip Nut's counsel and other attorneys interested in the case, that appellant was in the service and that he had no means of communicating with appellant, and Grip Nut's counsel had thereupon furnished him with appellant's address, and had suggested a time when appellant's counsel might be able to personally contact appellant in Chicago, but this was never done.

On May 26, 1943, his counsel wrote appellant to the effect that Grip Nut had been asking to have the case set for trial, and requesting advice as to whether appellant could arrange for trial within the next two months. This letter was apparently received by appellant, and answered, but the evidence is not clear as to the contents of the answer. Appellant's counsel assumed that because appellant was in the military service the case could not be submitted and tried in his absence. He, therefore, paid but little attention to the matter and admitted he absolutely forgot it except when someone was "prodding" him about it. He testified that opposing counsel had gone out of their way to be accommodating and said he had just naturally assumed the case

had been abandoned, although, as above stated, he had each time been timely notified of its setting. The appellant also believed the case could not be heard in his absence and "that he was entitled to have and would be given a continuance of said cause until such time as he was released from the service or until he could prepare said cause for trial and be present in court at the trial and hearing of said cause." No claim is made that the appellant ever requested a leave of absence for the purpose of preparing his defense or appearing at the trial.

The question presented is whether the appellant is entitled to have the judgment so rendered against him while he was in the military service of the United States, vacated and set aside.

He first insists he is entitled to such relief under § 2-1068, Burns' 1933 (Supp.). It is therein provided that a party shall, under certain circumstances, ■ be relieved from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect; but the negligence of his attorney, as shown by the evidence and as admitted in this case, affords the appellant no ground for relief under that section. *Ferrara* v. *Genduso* (1938), 214 Ind. 99, 14 N. E. (2d) 580; *Sharp* v. *Moffitt, Administrator,* (1884), 94 Ind. 240; *Kuhn* v. *Indiana Ice & Fuel Co.* (1937), 104 Ind. App. 387, 11 N. E. (2d) 508.

The appellant next asserts he is entitled to relief under § 201 of the Soldiers and Sailors Civil Relief Act of 1940, 50 U. S. C. A. Appx., § 501. As stated ■ above, no application for a stay of proceedings was made by or for the appellant. We are only concerned, therefore, under this section, with the discretionary duty owed by the trial court to stay the proceedings on its own motion if, in its opinion, the ability

of the appellant to conduct his defense was materially affected by reason of his military service. It would, of course, be impossible for the court trying the case to reach such a conclusion in the absence of knowledge on its part that the appellant was so engaged, and while in his brief the appellant asserts the court had such knowledge, we can find nothing in the record to support that assertion. We are unable, by reviewing the evidence introduced at the trial of the replevin case, to find any evidence of an abuse of discretion on the part of the trial court, for that evidence is not before us. Indeed, there has been no showing whatever of any facts that were brought to the attention of the trial court at any time, which, in our opinion, could have persuaded him, in the exercise of a sound discretion, to stay the proceedings on his own motion.

The appellant next relies upon § 200(4), the "General Relief" section of the Act. This section is predicated upon a default of appearance by the defendant. See *Shaffer* v. *Shaffer* (1941), 69 Ohio App. 447, 42 N. E. (2d) 176. The appellant was not defaulted for want of any appearance. On the contrary the cause was regularly set for trial and was submitted and the evidence taken upon the issues joined by the parties.

Courts should be alert to extend to service men the full measure of protection afforded by the Act. It has been said, the Act must be liberally construed to protect those in the military service, and that the discretion vested in trial courts is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from the service. *Boone* v. *Lightner* (1943), 63 S. Ct. 1223, 319 U. S. 561, 87 L. Ed. 1587. With that statement no one could disagree, but the man in service must himself

exhibit some degree of good faith and his counsel some degree of diligence. Discretion under the Act is lodged initially with the trial court, and in the absence of a showing of an abuse of that discretion, we are not at liberty to interfere.

Finding no error, the judgment is affirmed.

NOTE.—Reported in 62 N. E. (2d) 774.