LINDA T. STERN v. ROGER C. STERN

No. 8711DC533

(Filed 19 April 1988)

1. **Divorce and Alimony § 23.3— child support—nonresident defendant—parties' permanent residence in North Carolina until separation**

Evidence was sufficient to support the trial court's finding that the parties maintained their permanent residence in North Carolina from 1971 through the date of their separation where the evidence tended to show that plaintiff moved to North Carolina to accept a teaching position; defendant established a temporary residence in Pennsylvania for employment purposes as a golf pro; all of the parties' household furnishings remained in North Carolina during this time; defendant maintained no household property in Pennsylvania; when defendant was not employed, he lived in North Carolina; and plaintiff continued to maintain her residence in North Carolina the entire time.

2. **Divorce and Alimony § 23.2— child support requested in original complaint—personal jurisdiction not contested—right to challenge jurisdiction waived**

Where plaintiff requested child support in her original complaint filed in 1978 and defendant filed his answer then without contesting personal jurisdiction, his right to challenge the court's exercise of personal jurisdiction over him in the child support action was waived. N.C.G.S. § 1-75.7.

APPEAL by defendant from *Pridgen, Judge.* Order entered 12 January 1987 in District Court, JOHNSTON County. Heard in the Court of Appeals 1 December 1987.

This is an action from an order denying defendant's motion to dismiss for lack of personal jurisdiction on plaintiff's motion in the cause for child support.

*Thomas H. Lock for plaintiff-appellee.*

*Narron, O'Hale, Whittington and Woodruff, P.A., by Gordon C. Woodruff, for defendant-appellant.*

JOHNSON, Judge.

Plaintiff, Linda Stern, and defendant, Roger Stern, were married on 29 November 1969 in Johnston County, North Carolina. Shortly after their marriage, they moved to Pennsylvania where they lived together as husband and wife until the birth of their daughter, Suzanne Michelle Stern, on 28 August 1970. In September 1971, plaintiff moved to Four Oaks, North Carolina after accepting employment as a teacher with the Johnston County Board of Education. Defendant resided with his family in Four Oaks periodically in 1971 and early 1972 until he moved to Four Oaks permanently in the winter of 1972. Then, beginning in late 1973, the defendant began employment as an assistant golf pro in Pennsylvania. Defendant moved to Pennsylvania at that time and resided at his father's house. Defendant moved his personal possessions to Pennsylvania but maintained his household possessions in North Carolina.

From March through November of each year from 1971 until the parties separated on 19 May 1978, the defendant resided in Pennsylvania while working as an assistant golf pro. The remaining four months, defendant would reside in North Carolina. The plaintiff and the parties' minor child remained in North Carolina throughout each year, but resided with defendant in a rented mobile home in Pennsylvania during the summer months. During a two week period in early 1978, plaintiff and her daughter moved into defendant's Pennsylvania residence in a reconciliation attempt. The reconciliation attempt failed, and on 19 May 1978, both parties separated and plaintiff and her daughter moved back to North Carolina.

Plaintiff's complaint in this action was filed on 3 November 1978, in which she sought custody of the minor child and child support. Defendant filed his answer on 11 December 1978. As his first defense, he moved to dismiss the complaint pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. In his second defense, defendant answered all of plaintiff's allegations. As his third defense, defendant raised the issue of res judicata, alleging that an earlier reciprocal action brought by plaintiff in Pennsylvania was a bar to this action.

On 8 February 1979, by consent order, the plaintiff was awarded temporary custody of their minor child. On 11 December 1980, by order of the court, plaintiff was awarded permanent custody. Neither order addressed the issue of child support, nor the issue of personal jurisdiction.

On 8 August 1986, plaintiff filed a motion in the cause for child support. At a hearing on the matter, on 30 December 1986, defendant made a special appearance and moved to dismiss plaintiff's action on the grounds that the court lacked personal jurisdiction over the defendant. Following an evidentiary hearing on defendant's motion, and after making findings of fact and conclusions of law, the court denied defendant's motion. Defendant appeals.

We note at the outset that defendant has not brought forward one of his Assignments of Error. We deem it abandoned and decline to review it. N.C. Rules of App. P., Rule 28.

Defendant's remaining five Assignments of Error all center around one major issue, to wit: whether the trial court retained in personam jurisdiction over the defendant. We hold that the trial court retained in personam jurisdiction over the defendant and affirm the order of the trial court.

[1] Defendant first contends that the trial court erred in finding that the parties maintained their permanent residence in Johnston County from 1971 through the date of their separation. We disagree.

While the trial court must make findings of fact to support its order, these findings are conclusive on appeal if supported by any competent evidence and a judgment or order supported by

such findings will be affirmed. *See, e.g., Paschall v. Paschall*, 21 N.C. App. 120, 203 S.E. 2d 337 (1974).

It is undisputed that defendant established a temporary residence in Pennsylvania for employment purposes as a golf pro; that all of their household furnishings remained in North Carolina during this time; that defendant maintained no household property in Pennsylvania; that when defendant was not employed, he lived in North Carolina; and that plaintiff maintained her residence in North Carolina. All of this occurred during the period from 1971 until the day of the parties' separation, 19 May 1978. Therefore, there was competent evidence in the record to support the trial court's findings of fact.

[2] Next, defendant argues that the trial court did not have personal jurisdiction over defendant by virtue of any general appearance. Defendant maintains that his answer, filed on 11 December 1978, constituted a special appearance, because his third defense in the answer specifically referred to and incorporated the Pennsylvania order of the reciprocal action, by which the Pennsylvania court exercised in personam jurisdiction over the defendant relative to child support. This argument is without merit.

G.S. 1-75.7 states in part:

A court of this State having jurisdiction of the subject matter may, without serving a summons upon him, exercise jurisdiction in an action over a person:

(1) Who makes a general appearance in an action; provided, that obtaining an extension of time within which to answer or otherwise plead shall not be considered a general appearance . . .

"A general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person." *Swenson v. Thibaut*, 39 N.C. App. 77, 89, 250 S.E. 2d 279, 287-88 (1978), *cert. denied and appeal dismissed*, 296 N.C. 740, 254 S.E. 2d 181-83 (1979), *quoting In re Blalock*, 233 N.C. 493, 504, 64 S.E. 2d 848, 856 (1951). Thus, where a defendant makes a general appearance before filing a motion contesting personal jurisdiction, he waives his right to challenge the court's exercise of personal jurisdiction over him

from that date forward. *Lynch v. Lynch*, 303 N.C. 367, 279 S.E. 2d 840 (1981).

Plaintiff requested child support in her original complaint filed in 1978. In defendant's answer, filed in 1978, he made a motion under Rule 12(b)(6), and a res judicata motion, without making a motion to contest personal jurisdiction. By filing his answer without contesting personal jurisdiction, his right to challenge the court's exercise of personal jurisdiction over him was waived. G.S. 1A-1, Rule 12(h); *Lynch, supra.*

Since we find that defendant waived his right to challenge the court's exercise of personal jurisdiction over him, we need not address his final contention that the trial court did not have personal jurisdiction over him pursuant to G.S. 1-75.4(12). Therefore, for all the aforementioned reasons, the order denying defendant's motion to dismiss is

Affirmed.

Judges ARNOLD and ORR concur.