[No. D006517. Fourth Dist., Div. One. Dec. 9, 1988.]

In re MELICIA L., a Minor.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Petitioner and Respondent, v.
RAYMOND L., Objector and Appellant.

**COUNSEL**

Gary M. Bubis, under appointment by the Court of Appeal, for Objector and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Daniel J. Wallace, Esther C. Sanchez and Leonard W. Pollard II, Deputy County Counsel, for Petitioner and Respondent.

Sherri Sobel Sokoloff, under appointment by the Court of Appeal, for Minor.

**OPINION**

**BENKE, J.**—On March 19, 1985, two-year-old Melicia L. and her three sisters were removed from their parents' home after the three sisters were

sexually abused. Melicia was declared dependent because her parents were unable to protect their children from sexual abuse. (Welf. & Inst. Code, § 300, subd. (a).) The county, alleging the parents had failed to comply with the reunification plan, filed a petition for Melicia's freedom from parental custody and control. The court found Melicia had been placed out of home for over a year; there was no evidence of a change in the conditions which led to the placement and the dependency finding the child would be at risk if returned home; the parents had failed to maintain an adequate parental relationship with Melicia; and reasonable reunification services had been offered. It freed Melicia from parental custody and control on October 20, 1986. Her father, Raymond, appeals.

During the spring of 1985, Melicia's sister Susan told a counselor she had been sexually touched by her father, sister and someone named Johnny. A doctor at Children's Hospital examined Susan and found evidence of sexual abuse. Doctors at the Naval Hospital examined Susan's three sisters, Melicia, Tressita and Rosalinda, and found no evidence of abuse. However, doctors at Children's Hospital examined the sisters and found to the contrary as to Tressita and Rosalinda. On March 19, the children were removed from the parents home and, on April 9, declared dependent children. The children were removed from their parents' home and a reunification plan was ordered including participation in a psychological evaluation, counseling and parenting classes. On November 27, a six-month review hearing was held. The mother was present, the father was not. The father had been at sea a lot and was unable to comply with the reunification plan. The mother was undergoing counseling and parenting classes but was using alcohol. Because of her defense of her husband's innocence of the molestation, the social worker found her unable to protect the children. On May 27, 1986, a second review hearing and a permanency planning hearing were held. The parents were present. The mother had completed parenting classes, was undergoing counseling and had received a psychological evaluation. The father had received a psychological evaluation, had undergone counseling and had taken some classes, although he had not completed the parenting classes. The hearing was continued pending receipt of more information from the children's therapist. On July 16 and September 30, the court received reports telling of the mother's sexual abuse of the three older sisters, and recommending against the children's return to their parents. On October 20, the court ordered a petition to free Melicia from her parents' custody and control be filed.

Civil Code section 232, subdivision (a)(7) provides a child may be freed from the custody and control of her parents when she has been living out of home for a year, return would be detrimental to the child and the parents have failed in the past and are likely to fail in the future to maintain an

adequate parental relationship. Reasonable reunification services must have been provided.

Raymond contends the trial court erred in not tolling the one-year reunification period for the time he was serving in the Navy and in finding the Department of Social Services had provided reasonable services to further reunification. Counsel for Melicia contends the trial court committed prejudicial error in failing to appoint independent counsel for her.

## DISCUSSION

█ Raymond contends the Soldiers' and Sailors' Civil Relief Act, 50 United States Code, Appendix section 510, requires the court to toll the reunification period while a serviceman is in the military service. Fifty United States Code, Appendix section 521 provides an action shall be stayed upon motion by the serviceman during the period he or she is serving in the military, unless the ability to defend is not materially affected by the military service. Here, Melicia's father failed to request a stay. Absent an application, a serviceman is not entitled to vacation of an adverse judgment. (*Sharp* v. *Grip Nut Co.* (1945) 116 Ind.App. 106 [62 N.E.2d 774, 776].)

On April 10, 1987, counsel was appointed for the father. While his attorney appeared on May 15 and June 18, the record shows no request for a stay or provision of information creating a duty on the part of the court to stay the matter on its own motion. We find no violation of the Soldiers' and Sailors' Civil Relief Act. █ However, we find prejudicial error in failing to appoint counsel for Melicia.

Civil Code section 237.5, subdivision (a) requires the trial court in a 232 proceeding to appoint counsel for a minor if it is required to protect the minor's interests. Section 237.5 "requires counsel be appointed [for the minor] at the commencement of proceedings absent an immediate showing upon which the court can exercise its discretion against making an appointment." (*In re Richard E.* (1978) 21 Cal.3d 349, 355 [146 Cal.Rptr. 604, 579 P.2d 495].) Here, on a form, the clerk's minutes of April 10, 1987, state, "[t]he Court finds there is no conflict of interest with the County Counsel representing the interests of both the minor(s) and the Department of Social Services." We have reviewed the reporter's transcript for April 10 and find no showing to support this finding. The question, then, is whether Melicia was prejudiced by denial of counsel.

Of the four sisters, one, Melicia, was not sexually molested. Yet of the four, only Melicia was separated from her sisters and freed from her parents' custody and control.

Moreover, Melicia is developmentally delayed as a result of limited intellectual functioning. The court heard no evidence as to whether this condition would be more satisfactorily treated through termination of family ties than through preservation of those ties.

"Severing the parental relationship should be the least detrimental alternative for the child. [Citation.] Failure to explore placing the children with guardian relatives . . . at the very outset of this case appears to violate this rule." (*In re Terry E.* (1986) 180 Cal.App.3d 932, 947 [225 Cal.Rptr. 803].) Here, two aunts offered their home to Melicia. This offer was rejected. We are disturbed, as was the court in *In re Terry E., supra,* as to the lack of apparent consideration or, at a minimum, lack of explanation why the relatives' proposal was rejected. We do not know whether all of Melicia's family ties would have been severed had Melicia been represented by independent counsel. Because independent counsel was not appointed for Melicia, this question remains unanswered.

The order must be reversed and the matter remanded for hearing on the county's petition to free Melicia from the custody and control of her parents. The trial court shall appoint independent counsel for Melicia.

Having ordered a new hearing, we need not consider whether the record supports the order freeing Melicia from her parents' custody and control. Upon rehearing, the court should consider not only the possible detriment to Melicia which would result from failure to free her and whether adequate services were provided to the parents to encourage reunification, but also whether it is in Melicia's best interest to be permanently separated from her sisters and parents. (See Civ. Code, § 4600, subd. (c).)

The order is reversed and remanded for further proceedings consistent with this opinion.

Kremer, P. J., and Wiener, J., concurred.