**IN RE PAPER WRITING OF VESTAL**

[104 N.C. App. 739 (1991)]

IN THE MATTER OF THE PAPER WRITING OF SUE H. VESTAL

No. 9119SC16

(Filed 17 December 1991)

1. **Judgments § 2 (NCI3d)— judgment not entered out of session**

     The trial court's order dismissing a caveat as a sanction for failure of the caveators to answer interrogatories was not improperly entered out of session where the trial judge heard the propounder's motion for sanctions on 5 October 1990 and made his decision on the motion in open court; that same day the judge prepared a handwritten memorandum outlining his findings of fact and his decision to dismiss the caveat; the memorandum indicates that the attorney for the propounder was directed to incorporate the findings into a formal order for later signature; and on 2 November 1990 the trial judge signed the order and filed it with the clerk of court.

     **Am Jur 2d, Judgments §§ 161-162; Motions, Rules, and Orders § 38.**

2. **Rules of Civil Procedure § 33 (NCI3d)— interrogatories— person in military—no right to stay**

     The trial court did not abuse its discretion in failing to issue a stay on its own motion postponing a caveator's duty to answer interrogatories where the caveator did not move for a stay or continuance or file an affidavit with the court seeking a stay, and the only mention of the caveator's military service was found in two unverified answers to motions signed by the caveator's attorney which did not indicate whether the caveator ever requested military leave to answer the interrogatories or whether leave was likely to be granted upon request.

     **Am Jur 2d, Depositions and Discovery §§ 96, 211, 357; Military and Civil Defense §§ 308, 319.**

3. **Rules of Civil Procedure § 33 (NCI3d)— interrogatories— death in family—failure to answer not excused**

     A caveator was not excused from answering interrogatories because of "a death in the family" where the only mention of this excuse occurred in an unverified answer to a motion to compel discovery; the answer did not indicate decedent's

relationship to the caveator or where decedent had lived; and the statement that the caveator had suffered a death in the family did not explain why she was unable to answer any of the propounder's interrogatories between a 20 August 1990 order compelling discovery and a 5 October hearing at which sanctions were imposed.

**Am Jur 2d, Depositions and Discovery §§ 96, 211, 357.**

4. **Rules of Civil Procedure § 37 (NCI3d)— violation of discovery order—sanction—dismissal of caveat proceeding**

The trial court had the authority to dismiss a caveat proceeding with prejudice as a sanction under N.C.G.S. § 1A-1, Rule 37 for violation of an order compelling discovery.

**Am Jur 2d, Depositions and Discovery §§ 357, 385, 388.**

APPEAL by caveator from order filed 2 November 1990 by *Judge Russell G. Walker, Jr.*, in RANDOLPH County Superior Court. Heard in the Court of Appeals 9 October 1991.

This appeal arises out of a will caveat in which the trial judge dismissed the caveat as a sanction under Rule 37 because the caveators failed to comply with a discovery order.

On 23 November 1988 the caveators filed a caveat alleging that the paper writing submitted by the propounder was not the last will and testament of Sue Hoover Vestal. The propounder answered the caveat and filed interrogatories on 1 March 1989. On 4 May 1990 the propounder filed a motion to compel the caveators to answer the interrogatories. On 20 August 1990 the caveators filed an "ANSWER TO MOTION TO COMPEL" in which they sought a two week extension to answer the interrogatories and an order that the propounder furnish them with copies of the medical records of the testatrix. Judge William H. Helms granted the propounder's motion. Judge Helms ordered the caveators to pay to the propounder reasonable attorney's fees of $150.00 within thirty days of the 20 August 1990 hearing and to answer propounder's interrogatories within two weeks after the 20 August 1990 hearing. Judge Helms also ordered the propounder to furnish to the caveators authorization from the testatrix's personal representative to obtain the testatrix's medical records.

On 27 September 1990 the propounder filed a second motion to compel the caveators to answer the interrogatories. The caveators

answered the motion on 5 October 1990 alleging that they needed the testatrix's medical records in order to respond to "a great majority" of the interrogatories, and that they had paid the attorney's fees ordered by Judge Helms. The motion was heard 5 October 1990. Among his findings, Judge Walker found:

> 4. Only three of the Propounder's twenty-two (22) numbered interrogatories, . . ., could possibly require a reading of the medical records of the decedent to answer and more importantly, the Propounder's interrogatories ask what the Caveators knew of the testatrix's medical condition when they instituted the caveat.

> 5. The Caveators have not attempted to answer any of the Propounder's Interrogatories since August 20, 1990, nor have they provided any reasonable excuse for their failure. The Caveators tender of the partial attorneys fees to be paid the Propounder was made fourteen (14) days following the period of time prescribed by Judge Helms in his Order of August 20, 1990.

Based upon these findings Judge Walker concluded that the caveators had "wilfully and blatantly ignored and refused to comply with" the 20 August 1990 order "without justification or excuse." Acting pursuant to Rule 37 of the Rules of Civil Procedure, Judge Walker then struck the caveators' pleadings and dismissed the proceeding with prejudice.

Caveators appeal.

*Ottway Burton, attorney for caveator-appellant.*

*Moser, Ogburn & Heafner, by Rodney C. Mason, for propounder-appellee.*

EAGLES, Judge.

I

[1] During oral argument appellant contended that Judge Walker did not have subject matter jurisdiction to enter his order because it was signed out of session. We disagree.

In *State v. Horner*, 310 N.C. 274, 278, 311 S.E.2d 281, 285 (1984), the defendant claimed that a trial court's order was null ,and void because it had been entered out of session and out of

district without his consent. There, the Supreme Court noted that "it appears from the transcript that the trial judge ruled on each of the objects of the motion . . . at the time of the trial. He later reduced his ruling to writing, signed the order, and filed it with the clerk." *Id.* at 279, 311 S.E.2d at 285. The Court "held that the trial court's order . . . was not improperly entered 'out of session and out of district' where the court passed on each part of the motion . . . in open court as it was argued and later reduced its ruling to writing, signed the order, and filed it with the clerk." *State v. Smith*, 320 N.C. 404, 415-416, 358 S.E.2d 329, 335 (1987).

Here, Judge Walker heard the propounder's motion on 5 October 1990. After hearing counsel's arguments Judge Walker made his decision on the motion in open court. That same day he prepared a handwritten memorandum outlining his findings of fact and his decision to dismiss the caveat. That handwritten memorandum, which appears in the record before us, also indicates that the "[a]ttorney for [the] propounder was directed to incorporate [the] findings into a formal order for later signature." On 2 November 1990 Judge Walker signed the order submitted by the propounder. The order was filed with the clerk of court on 2 November 1990. Accordingly, we conclude that entry of the order was not improper.

## II

In their first, third, fourth and fifth assignments of error, the caveators argue that the trial court erred by concluding that the caveators wilfully and blatantly ignored the court's orders without reasonable excuse and that they were openly disrespectful to the court. The caveators argue that "[e]vents, over which they had no control" prohibited them from answering the propounder's interrogatories. Specifically, one caveator, Colonel Robert Weaver, contends that he was prevented from responding due to his involvement with the war in the Persian Gulf. The other caveator, Elizabeth Green, contends that she was unable to answer the questions due to a death in her family. We are not persuaded by either contention.

We note initially that "[i]f a noncomplying party wishes to avoid court-imposed sanctions for his failure [to answer interrogatories], the burden is upon him to show that there is justification for his noncompliance." *Silverthorne v. Coastal Land Co.*, 42 N.C. App. 134, 136, 256 S.E.2d 397, 399, *disc. rev. denied*, 298 N.C. 300, 259 S.E.2d 302 (1979).

A

[2] Colonel Weaver argues that he was not required to respond because of protections afforded him by the Soldiers and Sailors Civil Relief Act (SSCRA). That act provides in pertinent part:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act . . ., unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

50 U.S.C.A. § 521 (1940). This section of the SSCRA allows the court to stay proceedings based upon either the application of a party or the court's own discretionary motion. The dispositive issue is whether Colonel Weaver applied for protection under SSCRA § 521, and if not, whether the trial judge abused his discretion by not granting a stay on its own motion.

In order to apply for a stay of proceedings under § 521 a party must make a motion for continuance, a motion for a stay or file with the court an affidavit which sets forth the basis of his request. *See, e.g., Booker v. Everhart*, 33 N.C. App. 1, 234 S.E.2d 46 (1977), *rev'd on other grounds*, 294 N.C. 146, 240 S.E.2d 360 (1978) (trial court did not abuse its discretion in denying a stay where an affidavit did not indicate whether the soldier requested leave, or would be unable to obtain leave, and contained only a mere conclusory statement of the ways his defense would be prejudiced or his rights impaired). Here, Colonel Weaver neither made a motion for stay or continuance, nor filed an affidavit with the court seeking a stay. Colonel Weaver failed to make application for a stay under § 521.

Because Colonel Weaver failed to apply for a stay, "[w]e are only concerned, . . . , under this section, with the discretionary duty owed by the trial court to stay the proceedings on its own motion if in its opinion the ability of the appellant to [answer the propounder's interrogatories] was materially affected by reason of his military service." *Sharp v. Grip Nut Co.*, 116 Ind. App.

106, 110-111, 62 N.E.2d 774, 776 (1945). We recognize that "[t]he [United States Supreme Court] . . . said '[t]he discretion that is vested in the trial courts . . . is not to be withheld on nice calculations as to whether prejudice may result from absence, or absence result from service." *Smith v. Davis*, 88 N.C. App. 557, 561, 364 S.E.2d 156, 159 (1988) (quoting *Boone v. Lightner*, 319 U.S. 561, 575, 87 L.Ed.2d 1587, 1596 (1943)). "With that statement no one could disagree, but the man in service must himself exhibit some degree of good faith and his counsel some degree of diligence." *Sharp*, 116 Ind. App. at 111, 62 N.E.2d at 776. Here, the only mention of Colonel Weaver's military service is found in two unverified papers signed by Colonel Weaver's attorney, "ANSWER TO MOTION TO COMPEL" filed on 20 August 1990 and "ANSWER TO FURTHER MOTION TO COMPEL DISCOVERY" filed on 5 October 1990. These papers do not indicate whether Colonel Weaver ever requested military leave to answer the interrogatories or whether leave was likely to be granted upon request. The SSCRA "cannot be construed to require continuance on mere showing that the [caveator] was in . . . military service." *Boone v. Lightner*, 319 U.S. 561, 565, 87 L.Ed.2d 1587, 1591 (1943). These unverified papers standing alone do not provide us with sufficient information to conclude that the trial court abused its discretion by failing to issue a stay on its own motion. This assignment is overruled.

B

[3] Caveator Elizabeth Green also alleges that she was unable to answer the interrogatories due to "[e]vents, over which [she] had no control." Here, too, the only mention of the circumstances "preventing" Ms. Green from answering the interrogatories is found in unverified papers denominated "ANSWER TO MOTION TO COMPEL" and "ANSWER TO FURTHER MOTION TO COMPEL DISCOVERY." In the first paper Ms. Green alleges that she was unable to answer the interrogatories because she was "in the process of a traumatic litigation concerning her divorce. . . ." However, on appeal Ms. Green did not argue that the divorce litigation excused her conduct. Rather, on appeal Ms. Green relied solely on another excuse, that there had been "a death in the family," which was stated only in the second paper. That paper does not indicate the decedent's relationship to Ms. Green, nor where the decedent had lived. Further, the uncorroborated statement that Ms. Green had suffered a death in her family does not explain why she was unable to answer a single one of the propounder's interrogatories between

## IN RE PAPER WRITING OF VESTAL

the 20 August 1990 hearing and the 5 October 1990 hearing at which Judge Walker imposed sanctions. The record amply supports the court's conclusion that Ms. Green wilfully and blatantly ignored and refused to comply with the court's order. This assignment is overruled.

### III

**[4]** In their second, sixth, seventh and eighth assignments of error, the caveators argue that the trial court lacks the authority to dismiss a caveat proceeding with prejudice as a sanction pursuant to Rule 37 for violation of an order compelling discovery. We disagree.

Caveators argue that "[t]he proceedings to caveat a will are *in rem* without regard to particular persons, and must proceed to judgment, and motions as of nonsuit, or requests for direction of a verdict on the issues, will be disallowed." (Citations omitted.) *In re Redding*, 216 N.C. 497, 498, 5 S.E.2d 544, 545 (1939). Thus, caveators contend that "[o]nce a will has been propounded for probate in solemn form, the proceedings must continue until the issue of *devisavit vel non* is appropriately answered, and no nonsuit can be taken either by the propounders or caveators."

The caveator's reading of *Redding* is overbroad and overlooks cases allowing dismissal such as *In re Mucci*, 287 N.C. 26, 213 S.E.2d 207 (1975) and *In re Edgerton*, 29 N.C. App. 60, 223 S.E.2d 524, *disc. rev. denied*, 290 N.C. 308, 225 S.E.2d 832 (1976). In *Mucci*, our Supreme Court held that a trial judge should grant a motion for directed verdict where the "propounder fails to come forward with evidence from which a jury might find that there has been a testamentary disposition. . . ." *Mucci*, 287 N.C. at 36, 213 S.E.2d at 213. In *Edgerton*, the propounders alleged that the caveator had executed a valid renunciation and release to any interest he may have had in the decedent's estate. *Id.* at 62, 225 S.E.2d at 526. Accordingly, the propounders moved for summary judgment, which the trial court granted. *Id.* This court held that because of the release the caveator did not have standing and that the propounders were entitled to judgment as a matter of law. *Id.* at 65, 225 S.E.2d at 528. Accordingly, we affirmed the trial court's entry of judgment against the caveator. *Id.*

Similarly, the caveator's argument overlooks the express power of a trial court to enforce its order compelling discovery by dismissal.

G.S. 1A-1, Rule 37(b)(2) provides that upon a party's failure to comply with the court's order, "the judge may make such orders in respect to the failure to answer as are just." The choice of sanctions to be imposed having been left by the rule in the court's discretion, we may not overturn the court's decision unless an abuse of that discretion is shown. Rule 37(b)(2) provides further that "[t]he relief granted may include . . . c. An order . . . dismissing the action."

*Silverthorne*, 42 N.C. App. at 137, 256 S.E.2d at 399. After careful review of the record, we find no abuse of discretion. This assignment is overruled.

Affirmed.

Chief Judge HEDRICK and Judge GREENE concur.