SELINDA JUDKINS, Plaintiff-Appellee v. JAMES C. JUDKINS, Jr., Defendant-Appellant

No. 9312DC302

(Filed 1 March 1994)

1. **Appearance § 4 (NCI4th) — general appearance by defendant — personal jurisdiction in trial court**

The trial court obtained personal jurisdiction over defendant where defendant made a general appearance by seeking affirmative relief in his answer without contesting personal jurisdiction. N.C.G.S. § 1-75.7.

**Am Jur 2d, Appearance § 6.**

JUDKINS v. JUDKINS

[113 N.C. App. 734 (1994)]

2. **Trial § 27 (NCI4th) — stay pursuant to Soldiers' and Sailors' Civil Relief Act — denial proper**

The trial court's findings of fact supported its denial of defendant's motion for a stay pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940 since the only evidence of defendant's unavailability after the Persian Gulf War was a letter from the Department of the Army stating that defendant was scheduled to depart for Southeast Asia on 30 August 1992 for approximately 46 days; the record failed to disclose whether defendant at any time requested leave to defend this action or whether leave was likely to be granted upon request; and defendant made no showing of the ways his defense would be prejudiced or his rights materially affected by his absence.

**Am Jur 2d, Military and Civil Defense § 308.**

**Soldiers' and Sailors' Civil Relief Act of 1940, as amended, as affecting matrimonial actions. 54 ALR2d 390.**

3. **Divorce and Separation § 161 (NCI4th) — equitable distribution — unequal distribution supported by findings of fact**

The trial court's finding of fact that it had considered all the factors as set forth in N.C.G.S. § 50-20(c), including the earning ability of each party, the need of the custodial parent for the use and possession of the marital home and furniture therein, the value of defendant's separate property, and defendant's expectation of additional pension, was sufficient to support its unequal distribution of marital property.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

4. **Divorce and Separation § 129 (NCI4th) — equitable distribution — military pension**

The trial court did not err by awarding plaintiff 50 percent of the marital portion of defendant's military pension where the court calculated the time defendant participated in the pension plan during his marriage to plaintiff and the total time defendant participated in the plan and determined that 88.66 percent of defendant's pension was marital property.

**Am Jur 2d, Divorce and Separation § 909.**

Judge JOHN concurring in the result.

Appeal by defendant from orders and judgment signed 4 November 1992 in Cumberland County District Court by Judge A. Elizabeth Keever. Heard in the Court of Appeals 12 January 1994.

Plaintiff and defendant were married on 19 July 1969 in Surry County, Virginia. Defendant is a lieutenant colonel in the United States Army and in 1983 was assigned to Fort Bragg in Fayetteville, North Carolina. On 3 August 1988, plaintiff commenced this action seeking a divorce from bed and board, child custody, child support, alimony, and equitable distribution. The parties were divorced by judgment entered 26 September 1989 in Cumberland County District Court. On 4 November 1992, the trial court entered orders denying defendant's motion to dismiss for lack of subject matter jurisdiction and denying defendant's motion for a stay. On 4 November 1992, the trial court also entered an equitable distribution judgment. Defendant appeals from these orders and judgment.

*Blackwell, Luedeke, Hicks & Burns, P.A., by John V. Blackwell, Jr. and Kenneth D. Burns, for plaintiff-appellee.*

*Harris, Mitchell & Hancox, by Ronnie M. Mitchell and G. Robert Hicks III, for defendant-appellant.*

WELLS, Judge.

[1] We must first consider defendant's argument that the trial court lacked jurisdiction to distribute defendant's disposable retired pay. Defendant contends that by the terms of the Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408(c)(4) (1992), the trial court lacked subject matter jurisdiction to distribute his military pension. We disagree.

Section 1408(c)(4) provides:

A court may not treat the disposable retired pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the *member* by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

(Emphasis added.) Defendant contends that this provision establishes the requirements for a court's exercise of subject matter jurisdiction. We read this provision as establishing the requirements for personal jurisdiction and proceed to determine whether the trial

court properly obtained *in personam* jurisdiction over defendant as required by § 1408(c)(4).

A court may exercise personal jurisdiction in an action over a person who has made a general appearance in that action. N.C. Gen. Stat. § 1-75.7 (1) (1983). "A general appearance is one whereby the defendant submits his person to the jurisdiction of the court by invoking the judgment of the court in any manner on any question other than that of the jurisdiction of the court over his person." *In re Blalock*, 233 N.C. 493, 64 S.E.2d 848 (1951). Other than a motion to dismiss for lack of jurisdiction virtually any action constitutes a general appearance. *Jerson v. Jerson*, 68 N.C. App. 738, 315 S.E.2d 522 (1984).

Plaintiff filed this action seeking a divorce from bed and board, child custody, child support, alimony, and equitable distribution. Defendant filed an answer containing counterclaims for child custody and support and equitable distribution. Defendant made a general appearance thereby consenting to personal jurisdiction by seeking affirmative relief in his answer without contesting personal jurisdiction. *Stern v. Stern*, 89 N.C. App. 689, 367 S.E.2d 7 (1988); *Hale v. Hale*, 73 N.C. App. 639, 327 S.E.2d 252 (1985). Consequently, the trial court obtained personal jurisdiction over defendant as required by § 1408(c)(4).

[2] We next consider defendant's argument that the trial court erred in denying his motion for a stay pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. § 521 (1988). Defendant contends that the trial court's findings do not support its denial of his motion for a stay. We disagree.

The trial court made the following findings of fact in its order denying defendant's motion:

I

That the Plaintiff was present in Court and represented by Attorney John Blackwell, Jr. and the Defendant was not present in Court but was represented by Attorney Ronnie M. Mitchell.

II

That a Complaint was filed on August 3, 1988 seeking a divorce from bed and board, alimony, custody and support of issue and equitable distribution of marital property. That the De-

fendant filed an answer and counterclaim, duly verified seeking custody and support of issue and equitable distribution of marital property. That an order was entered on April 27, 1989 providing for alimony pendente lite, and custody and support of issue; that Defendant has complied with said order since that time.

## III

That prior to, and subsequent to, the aforesaid Order discovery was initiated by Counsel for Plaintiff by filing numerous motions for discovery, including interrogatories, request for documents and requests for depositions.

## IV

That discovery was interrupted in August of 1990 as a result of the action in the Persian Gulf at which time the Court continued the matter over because of Defendant's service with the United States military in that action.

## V

That, thereafter, the Court on numerous occasions entered orders continuing discovery and continuing the trial; that motions to compel discovery from the Defendant were filed in July 1991 and in December 1991. That on February 7, 1992, Judge Andrew Dempster entered an order to compel production of documents; that thereafter, the Court entered subsequent orders to compel production of documents.

## VI

That this matter was scheduled for trial on April 13, 1992 at which time the Defendant requested the matter be continued due to military duties; that this Court contacted Sergeant Major Joseph in Dunn Loring, Virginia, made inquiry about the Defendant's ability to appear in Court, and was informed that he was in fact on a mission at that time, and that he would be available in July of 1992; that the Court entered an order at that time finding that the Defendant had failed to comply with previous orders of the Court requiring the Defendant to file the requested discovery and indicated that at the trial of the Equitable Distribution matter, the Court would impose sanctions for the Defendant's failure to comply; the Court then scheduled this matter for hearing in July 1992.

## VII

That at the hearing scheduled in July 1992, the Defendant's attorney requested that the matter be continued once again because the Defendant would not be able to appear for trial at that time; That Defendant's attorney asserted that the Defendant would be available to complete discovery and the pretrial order in this case on or before August 3, 1992, and that the Defendant would be available for trial on August 31, 1992.

## VIII

That the Court, pursuant to the Defendant's request that the matter be continued and scheduled peremptorily for hearing on August 31, 1992, provided the Defendant the opportunity to complete discovery and file a pretrial order on or before August 3, 1992; that the Court set the case peremptorily for hearing on August 31, 1992; that at the request of the Defendant's attorney, the Court extended the time to file the pre trial [sic] order from August 3, 1992 until August 24, 1992; that as of the date of this hearing, the Defendant has failed to provide the requested discovery, or to file a pretrial order in this case.

## IX

That on the date of this hearing the Court received the Defendant's motion to continue and a motion for a stay pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C. 501 et seq.

## X

That based upon the foregoing facts the Court finds that the Defendant has failed to exercise good faith and prope[r] diligence in appearing and resolving his case, and the Court in its discretion enters this order:

IT IS, THEREFORE, in the discretion of the Court ordered:

1. That the Defendant's motion for a stay pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 App. U.S.C. 501 et seq is denied.

2. That the Defendant's motion to continue is denied.

3. This cause is retained for further orders of this Court.

Section 521 of the Soldiers' and Sailors' Civil Relief Act of 1940 provides:

> At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided by this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.

The question for determination is whether the trial court abused its discretion by not granting defendant's motion for a stay. A decision which rests in the discretion of the trial court will not be reversed absent a showing that the decision lacked any basis in reason. *Clark v. Clark*, 301 N.C. 123, 271 S.E.2d 58 (1980). In *Boone v. Lightner*, 319 U.S. 561, 87 L. Ed. 1587, *reh'g denied*, 320 U.S. 809, 88 L.Ed. 489 (1943), the United States Supreme Court stated that the Soldiers' and Sailors' Civil Relief Act of 1940 "does not expressly require findings" but "requires only that the court be of opinion that ability to defend is not materially affected by military service." The Soldiers' and Sailors' Civil Relief Act of 1940 "cannot be construed to require continuance on mere showing that the defendant was in . . . military service." *Id.* For a serviceman to be entitled to a stay under § 521, "the man in service must himself exhibit some degree of good faith and his counsel some degree of diligence." *In re Paper Writing of Vestal*, 104 N.C. App. 739, 411 S.E.2d 167 (1991), *review denied*, 331 N.C. 117, 414 S.E.2d 767 (1992).

The only evidence of record of defendant's unavailability after the Persian Gulf War is a letter from the Department of the Army which states that defendant was scheduled to depart for Southeast Asia on 30 August 1992 for approximately 46 days. The record fails to disclose whether defendant at any time requested leave to defend this action or whether leave was likely to be granted upon request. In addition, defendant made no showing of the ways his defense would be prejudiced or his rights materially affected by his absence. Our examination of the record reveals that the trial court's findings of fact are substantially supported by the

evidence, and the showing made by defendant of his unavailability does not provide us with sufficient information to conclude that the trial court erred in denying defendant's motion for a stay. *Booker v. Everhart*, 33 N.C. App. 1, 234 S.E.2d 46 (1977), *rev'd on other grounds*, 294 N.C. 146, 240 S.E.2d 360 (1978); *In re Paper Writing of Vestal, supra.* We accept the trial court's finding that "defendant has failed to exercise good faith and prope[r] diligence in appearing and resolving his case" as evidencing the opinion of the trial court that defendant's ability to defend was not materially affected by his military service.

[3] Defendant next contends that the following finding of fact does not support the trial court's conclusion to make an unequal distribution of marital property:

That the Court has considered all of the factors as set forth in G.S. 50-20(c) to include the following:

1. The earning ability of each party;

2. The need of the custodial parent for the use and possession of the marital residence and furniture located therein;

3. The value of defendant's separate property;

4. The defendant's expectation of additional pension.

That based on the foregoing, the Court is of the opinion and finds as a fact that an unequal division of the marital assets and liabilities is equitable . . . .

Although there is a presumption that an equal division of marital property is equitable, so long as the trial court considers all the distributional factors in § 50-20(c) and makes sufficient findings as to each statutory factor on which evidence is offered, the finding of a single distributional factor by the trial court may support an unequal division. *Locklear v. Locklear*, 92 N.C. App. 299, 374 S.E.2d 406 (1988), *review allowed*, 324 N.C. 336, 378 S.E.2d 794 (1989); *Cobb v. Cobb*, 107 N.C. App. 382, 420 S.E.2d 212 (1992). The foregoing finding of the trial court comports with these requirements. The record reveals that the other findings made by the trial court are supported by the evidence and the conclusions of law are supported by the findings of fact.

[4] Defendant also asserts that the trial court erred by distributing more than 50 percent of defendant's military pension. We disagree.

The trial court employed the fixed percentage method of evaluating defendant's pension. By using this method, the trial court calculated the time defendant participated in the pension plan during his marriage to plaintiff and the time defendant participated in the plan *in toto* and determined that 88.66 percent of defendant's pension was marital property. This calculation is in accordance with *Seifert v. Seifert*, 319 N.C. 367, 354 S.E.2d 506, *reh'g denied*, 319 N.C. 678, 356 S.E.2d 790 (1987). Accordingly, we find that the trial court did not abuse its discretion by awarding plaintiff 50 percent of the marital portion of defendant's pension.

Defendant makes no argument concerning the propriety of the trial court's classification, valuation, or distribution of the real and remaining personal property of the parties. The marital property consisted of real property, including a farm, valued at $140,000.00, the marital residence valued at $22,055.97, and personal property, which consisted primarily of defendant's military pension, valued at $237,880.00. The parties' net marital property totaled $458,260.49. The trial court distributed to plaintiff 50 percent of the marital portion of defendant's disposable retired pay, a distributive award of $25,000.00, and real and personal property valued at $67,504.89. The trial court distributed to defendant the farm valued at $140,000.00 and personal property valued at $37,875.60.

The trial court properly classified, valued and distributed the parties' marital property.

The orders and judgment appealed from are

Affirmed.

Judge JOHN concurs in the result in a separate opinion.

Judge McCRODDEN concurs.

Judge JOHN concurring in the result.

I concur in the result reached by the majority because I agree, under *Boone v. Lightner*, 319 U.S. 561, 87 L.Ed. 1587, *reh'g denied*, 320 U.S. 809, 88 L.Ed. 489 (1943), that the extensive findings *in this case* sufficiently reflect the court's "opinion . . . that defendant's ability to defend was not materially affected by his military service."

However, absent the comprehensive findings found in *Boone* and the case *sub judice* from which a court's opinion may fairly be determined, I believe the prescriptive language of the statute ("action or proceeding . . . *shall* . . . on application . . . be stayed . . . *unless, in the opinion of the court*, the ability of . . . the defendant to conduct his defense is not materially affected by reason of his military service") obliges a trial court in its ruling specifically to address the legislatively mandated opinion. 50 U.S.C. § 521 (emphasis added). I therefore write separately to emphasize that, at a minimum, the better practice would be for the record to contain the trial court's statutorily required opinion stated with particularity. It would not then be necessary on appeal to attempt to ascertain it in some other fashion.