IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-646

Filed: 18 February 2020

Surry County, No. 18 CVD 1209

KIMBERLY DAWN POINDEXTER, Plaintiff,

v.

CARLTON D. EVERHART, II, Defendant.

Appeal by plaintiff from order entered 12 April 2019 by Judge Thomas B. Langan in Surry County District Court. Heard in the Court of Appeals 21 January 2020.

> *Law Offices of Mark E. Sullivan, P.A., by Mark E. Sullivan and Kristopher J. Hilscher, for plaintiff-appellant.*

> *Lewis, Deese, Nance & Ditmore, LLP, by Renny W. Deese, for defendant-appellee.*

TYSON, Judge.

Kimberly Dawn Poindexter ("Plaintiff") appeals from an order entered granting Carlton D. Everhart, II's ("Defendant") motion to dismiss pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure. We reverse and remand.

## I. Background

Plaintiff and Defendant were married on 14 May 1983 and separated on 9 August 2004. The parties entered into a Separation Agreement and Property Settlement ("Agreement") in Surry County on 17 November 2005.

Plaintiff and Defendant agreed to divide their marital property per the provisions in the Agreement. The Agreement designates the court in Surry County as the forum for issues arising out of the Agreement, North Carolina law as the choice of law, and provides under "Situs and Jurisdiction":

> This Agreement shall be construed and governed in accordance with the laws of the State of North Carolina and each party agrees and does hereby consent and submit himself/herself to the jurisdiction of the General Court of Justice of Surry County of the State of North Carolina for any suits or any other legal action based upon or arising out of or in connection with this Agreement.

The Agreement also provides Plaintiff is to obtain a spousal share of Defendant's military pension. The Agreement under "Military Retirement" provides:

> The husband is currently a member of the United States Armed Forces. The parties agree and desire that his military retirement be divided using the following formula to determine the wife's entitlement. The former spouse (wife) is awarded a percentage of the member's disposable military retired pay, to be computed by multiplying 43.5% times a fraction, the numerator of which is 245 months of marriage during the member's creditable military serve (sic), divided by the member's total number of months of creditable military service.
>
> The husband shall be required to select the survivor benefit plan. In the event the wife remarries at any time prior to the husband's death or retirement, she shall lose the right to the survivor benefit plan and shall, immediately after becoming married, file a document with the appropriate authorities, waiving any future SBP claim. If the wife fails to file such document with the appropriate authority, then the husband may file a copy of her marriage certificate or any other document that is satisfactory proof to DFAS, at

such time the Wife shall lose her survivor benefits.

There will be no further claims of future retirements or no future monetary claims against husband.

The Agreement also provides under "Enforcement of Agreement":

The parties agree that, in the event there is a non-compliance with any of the provisions of this Agreement, the complying party may initiate an action in any court where jurisdiction over the parties may be obtained, asking for specific performance of the terms and/or conditions so sought to be enforced. The non-complying party shall be responsible to the complying party for any and all expenses incurred by the complying party in the attempt to obtain specific performance, including attorney's fees. Any amount so awarded shall be in the sole discretion of the presiding judge and the award shall be made without regard to the financial ability of either party to pay, but rather shall be based upon the fees and expenses determined by the court to be reasonable and incurred by the complying party. It is the intent of this paragraph to induce both Husband and Wife to comply with the terms of this Agreement to the end that no litigation as between the parties is necessary in the areas dealt with by this Agreement. In the event of litigation, it is the further intent to specifically provide that the non-complying party shall pay all reasonable fees and costs that either party may incur. The right to specific performance of this Agreement shall be in addition to and not in substitution for all other rights and remedies either party may have at law or in equity arising by reason of any breach of the Agreement by the non-complying party.

After the Agreement was signed on 17 November 2005, Plaintiff and Defendant were divorced the following month on 22 December 2005 in Oklahoma. Defendant herein sought and was the plaintiff in the divorce action, and Plaintiff herein did not

contest the divorce. The Oklahoma divorce decree states: "The property owned by the parties shall be divided according to the orders issued in the State of North Carolina." Both parties signed and acknowledged the provisions contained within the divorce decree. Plaintiff is a resident of North Carolina. Defendant is a resident of Texas.

Defendant sued Plaintiff on 23 January 2006 for specific performance of the Agreement in Surry County, North Carolina. In Defendant's complaint, he asserted the "Enforcement of Agreement" provisions of the Agreement to support his claim for specific performance.

Plaintiff's attorney drafted a military pension division order for Defendant to execute. Defendant asserted it did not reflect the terms of the Agreement and refused to execute Plaintiff's proposed order.

Plaintiff initiated the present action by filing a complaint in the Surry County District Court on 30 August 2018. Without answering Plaintiff's complaint, Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to North Carolina Rules of Civil Procedure 12(b)(1) on 1 October 2018. The trial court granted Defendant's Rule 12(b)(1) motion and dismissed Plaintiff's complaint for lack of subject matter jurisdiction. Plaintiff filed notice of appeal on 13 May 2019.

## II. Jurisdiction

The timeliness of Plaintiff's 13 May 2019 notice of appeal requires analysis.

No information in the record shows when Plaintiff was served with the trial court's judgment. Our Court has held: "where . . . there is no certificate of service in the record showing *when* appellant was served with the trial court judgment, appellee must show that appellant received actual notice of the judgment more than thirty days before filing notice of appeal in order to warrant dismissal of the appeal." *Brown v. Swarn*, 257 N.C. App. 418, 422, 810 S.E.2d 237, 240 (2018) (alteration in original).

Applying the reasoning in *Brown*, unless the appellee contests the notice of appeal as untimely and proffers actual proof of service, this Court may not dismiss the appeal. *Id.* Defendant has not argued Plaintiff's 13 May 2019 notice of appeal is untimely nor proffered proof of Plaintiff's receipt of actual notice of the 12 April 2019 order to dismiss her appeal.

Plaintiff's notice of appeal from that order is deemed timely filed. *See id.* This Court possesses jurisdiction pursuant to N.C. Gen. Stat. §§ 1-277 and 7A-27(b)(2) (2019).

### III. Issue

Plaintiff argues the trial court erred in granting Defendant's Rule 12(b)(1) motion and dismissing Plaintiff's complaint for lack of subject matter jurisdiction.

### IV. Defendant's Rule 12(b)(1) Motion

### A. Standard of Review

"Whether a trial court has subject-matter jurisdiction is a question of law,

reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010).

## B. Enforceability of Agreement

Plaintiff and Defendant entered into the Agreement on 17 November 2005. According to its express terms, the Agreement was not incorporated into the 22 December 2005 Oklahoma divorce decree. However, the Oklahoma decree specifically addressed the property division: "The property owned by the parties shall be divided according to the orders issued in the State of North Carolina."

> These agreements are favored in this state, as they serve the salutary purpose of enabling marital partners to come to a mutually acceptable settlement of their financial affairs. A valid separation agreement that waives rights to equitable distribution will be honored by the courts and will be binding upon the parties.

*Hagler v. Hagler*, 319 N.C. 287, 290, 354 S.E.2d 228, 232 (1987) (citations omitted).

"A marital separation agreement is generally subject to the same rules of law with respect to its enforcement as any other contract. The equitable remedy of specific enforcement of a contract is available only when the plaintiff can establish that an adequate remedy at law does not exist." *Moore v. Moore*, 297 N.C. 14, 16, 252 S.E.2d 735, 737 (1979) (citations omitted).

Our Court has long held separation agreements are enforceable as contracts, even if the separation agreements create rights and duties not expressly provided for by statute. *Blount v. Blount*, 72 N.C. App. 193, 195, 323 S.E.2d 738, 740 (1984).

"Where the terms are plain and explicit the court will determine the legal effect of a contract and enforce it as written by the parties." *Church v. Hancock*, 261 N.C. 764, 766, 136 S.E.2d 81, 83 (1964) (citations omitted).

Parties retain the right and ability, and are encouraged to resolve and privately settle their disputes, in a written agreement for payment and performance. The Agreement before us expresses: "It is the intent of this [Enforcement Section] to induce both Husband and Wife to comply with the terms of this Agreement to the end that no litigation as between the parties is necessary in the areas dealt with by this Agreement." While expressing the intent and hope that no further "litigation as between the parties is necessary," the Agreement is not self-executing. Plaintiff carries the burden to show an enforceable contract, breach thereof, and damages.

C. Military Pension

Division of a military service member's pension and payment thereof to a former spouse is allowed, subject to 10 U.S.C. § 1408(c):

> Authority for court to treat retired pay as property of the member and spouse.
>> (1) Subject to the limitations of this section, a court may treat disposable retired pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance with the law of the jurisdiction of such court. A court may not treat retired pay as property in any proceeding to divide or partition any amount of retired pay of a member as the property of the member and the member's spouse or former spouse

> if a final decree of divorce, dissolution, annulment, or legal separation (including a court ordered, ratified, or approved property settlement incident to such decree) affecting the member and the member's spouse or former spouse (A) was issued before June 25, 1981, and (B) did not treat (or reserve jurisdiction to treat) any amount of retired pay of the member as property of the member and the member's spouse or former spouse.
>
> . . . .
>
> (4) A court may not treat the disposable retired pay of a member in the manner described in paragraph (1) *unless the court has jurisdiction over the member by reason of (*A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, *or (C) his consent to the jurisdiction of the court.*

10 U.S.C. § 1408 (2017) (emphasis supplied).

Subject to the provisions of 10 U.S.C. § 1408, state courts may treat a military service member's pension as the property of the service member and their spouse, in accordance with the laws of the state. Defendant asserts 10 U.S.C. § 1408(c)(4) articulates requirements for subject matter jurisdiction.

In *Judkins v. Judkins*, this Court examined 10 U.S.C. § 1408(c)(4) to determine whether this federal code provision establishes and requires personal or subject matter jurisdiction over the claim. *Judkins v. Judkins*, 113 N.C. App. 734, 736-37, 441 S.E.2d 139, 140 (1994). The defendant in *Judkins*, who had made a general appearance in the courts of North Carolina, argued that the federal statute, 10 U.S.C.

§ 1408(c)(4), limited the state court's subject matter jurisdiction. *Id*. at 737, 441 S.E.2d at 140. We held: "We read this provision as establishing the requirements for personal jurisdiction and proceed to determine whether the trial court properly obtained *in personam* jurisdiction over defendant as required by § 1408(c)(4)." *Id.*

Both the Supreme Court of North Carolina and this Court have long recognized that "[w]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). This Court recently discussed *In re Civil Penalty* in *State v. Gonzalez* and held:

> *In re Civil Penalty* stands for the proposition that, where a panel of this Court has decided a legal issue, future panels are bound to follow that precedent. This is so even if the previous panel's decision involved narrowing or distinguishing an earlier controlling precedent—even one from the Supreme Court—as was the case in *In re Civil Penalty*. Importantly, *In re Civil Penalty* does not authorize panels to overrule existing precedent on the basis that it is inconsistent with earlier decisions of this Court.

*State v. Gonzalez*, __ N.C. App. __, __, 823 S.E.2d 886, 888-89 (2019).

We are without authority to overturn the ruling of a prior panel of this Court on the same issue. *See In re Civil Penalty*, 324 N.C. at 384, 379 S.E.2d at 37. Prior precedent of this Court has interpreted 10 U.S.C. § 1408(c)(4) as referencing

requirements for *in personam* and not subject matter jurisdiction. *Judkins*, 113 N.C. App. at 736-37, 441 S.E.2d at 140.

Subject matter jurisdiction is conferred upon our state's courts by North Carolina's Constitution and by statute. N.C. Gen. Stat. § 7A-244 confers subject matter jurisdiction over domestic actions in the district court:

> The district court division is the proper division without regard to the amount in controversy, for the trial of civil actions and proceedings for annulment, divorce, equitable distribution of property, alimony, child support, child custody and the *enforcement of separation or property settlement agreements between spouses, or recovery for the breach thereof.*

N.C. Gen. Stat. § 7A-244 (2019) (emphasis supplied).

N.C. Gen. Stat. § 7A-244, not the federal code provision, provides the district court in North Carolina with subject matter jurisdiction over this Agreement. No supremacy nor preemption issue exists between the state statute and the federal code. Defendant's consent to personal jurisdiction in North Carolina is expressly contained in the Agreement and the divorce decree. Defendant also stipulated that North Carolina courts possess personal jurisdiction over him, which satisfies the personal jurisdictional consent requirements set forth in 10 U.S.C. § 1408(c)(4).

This action is not to determine whether there will be a division of "retired pay payable to a [service] member," which the parties' consented to in the Agreement. 10 U.S.C. § 1408. Plaintiff, a resident of North Carolina and a party to the Agreement,

seeks enforcement for breach of an asserted prior mutually agreed-upon division, which N.C. Gen. Stat. § 7A-244 confers in the district court of North Carolina.

Defendant consented to *in personam* jurisdiction in North Carolina. The parties contest how, when, and to what extent the division of "retired pay payable to a [service] member" is to occur and whether the terms in the Agreement are ambiguous. *Id.* As such, the district court possesses subject matter jurisdiction over the Agreement, personal jurisdiction over the parties, and is a proper forum to adjudicate Plaintiff's and Defendant's disputed claims. N.C. Gen. Stat. § 7A-244. The trial court's grant of Defendant's Rule 12(b)(1) motion was error.

## V. Conclusion

N.C. Gen. Stat. § 7A-244 confers subject matter jurisdiction over the Agreement in the North Carolina district court. 10 U.S.C. § 1408(c)(4) requires Defendant's consent and, based upon Defendant's consent in the Agreement and stipulation, confers personal jurisdiction in North Carolina to resolve disputes over the Agreement's allocation of Defendant's service member's retirement with Plaintiff, a former spouse. *See Judkins,* 113 N.C. App. at 736-37, 441 S.E.2d at 140.

The trial court's grant of Defendant's motion to dismiss Plaintiff's pleading for lack of subject matter jurisdiction is reversed. North Carolina's courts possess subject matter jurisdiction over the Agreement, possess personal jurisdiction over the parties by residence of the Plaintiff and by consent of the Defendant. North Carolina is a

proper forum to resolve any disputed issues in the Agreement.  The case is remanded for further proceedings, which are not inconsistent with this opinion.  *It is so ordered.*

REVERSED AND REMANDED.

Judges DIETZ and INMAN concur.